JEHIEL BROOKS, PLAINTIFF IN ERROR, v. SAMUEL NORRIS.

Where a judgment was rendered on the 25th of October, 1843, and a writ of error allowed on the 19th of October, 1848, but not issued and filed until the 4th of November following, more than five years had elapsed after rendering the judgment, and the writ of error may be dismissed on motion.

It is the filing of the writ which removes the record from the inferior to the appellate court; and the day on which the writ may have been issued by the clerk, or the day on which it is tested, are not material in deciding the question.

By the English practice this error must be taken advantage of by plea; but according to the practice of this court, a party may avail himself, by motion, of any defect which appears upon the record itself.

THIS case was brought up from the Supreme Court of Louisiana, by a writ of error issued under the twenty-fifth section of the Judiciary Act.

It appeared from the record that the judgment of the Supreme Court of Louisiana was rendered on the 25th of October, 1843.

The petition for the writ of error was addressed to the Honorable George Eustis, Chief Justice of the Supreme Court of the State of Louisiana. It was thus indorsed.

### Order allowing Writ.

"A writ of error is allowed as prayed for, without prejudice. Security is required in the sum of five hundred dollars.

"GEORGE EUSTIS,
*Chief Justice, Monroe, West District.*

"October 19, 1848.

"Supreme Court, Alexandria.

"Filed November 4, 1848. M. R. ARIAIL, *Clerk.*"

*Bond for Writ of Error.*

" Supreme Court, State of Louisiana.

JEHIEL BROOKS *v.* SAMUEL NORRIS, in error.

" Know all men by these presents, that we, Jehiel Brooks, of the District of Columbia, and B. J. Sage, of New Orleans, Louisiana, are held and firmly bound unto the above-named Samuel Norris, in the sum of five hundred dollars, to be paid to the said Samuel Norris, his executors or administrators. To which payment, well and truly to be made, we bind ourselves, and each of us, jointly and severally, and our and each of our heirs, executors, and administrators, firmly by these presents.

" Sealed with our seals, and dated this 19th day of October, A. D. 1848.

" Whereas the above-named Jehiel Brooks hath prosecuted a writ of error to the Supreme Court of the United States, to reverse the judgment rendered in the above-entitled suit by the Supreme Court of the State of Louisiana.

" Now, therefore, the condition of this obligation is such, that if the above-named Jehiel Brooks shall prosecute his said writ of error to effect, and answer all costs if he shall fail to make good his plea, then this obligation shall be void; otherwise the same shall be and remain in full force and virtue.

" B. J. SAGE, *for Jehiel Brooks.*
" B. J. SAGE.

" Sealed and delivered, in the presence of
Test — JOHN RAY."

*Approval of Bond.*

" Personally appeared before me the above-named B. J. Sage and John Ray, who acknowledged their signatures to the foregoing bond, which is approved in the case of Brooks, plaintiff in error, *v.* Norris.

" GEORGE EUSTIS, *Chief Justice.*

" *Monroe, Oct.* 19, 1848."

*Instructions.*

" The clerk of the Supreme Court will only sign the writ of error in the event of its being sued out within five years from the date of the decree of the Supreme Court, in the case which it is taken.

" GEORGE EUSTIS, *Chief Justice.*

" Supreme Court, Alexandria.

" Filed November 4th, 1848. M. R. ARIAIL, *Clerk.*"

The writ of error bore the following teste : —

" Witness the Honorable Roger B. Taney, Chief Justice of the said Supreme Court of the United States, this 4th day of November, A. D. 1848.          M. R. ARIAIL,
*Clerk of the Supreme Court of the State*
*of Louisiana, at Alexandria."*

" Copy of the writ of error lodged in the clerk's office of the Supreme Court of the State of Louisiana, at Alexandria, in pursuance of the statute in such cases made and provided, this 4th day of November, 1848.          B. J. SAGE,
*Attorney of Plaintiff in error.*

" Supreme Court, Alexandria.

· " Filed November 4th, 1848."

*Mr. Bullard,* for the defendant in error, moved the court to dismiss this writ of error, because the same was not brought within five years after the final judgment in the Supreme Court of the State of Louisiana.

Whereupon the court directed the motion to be set down for argument on that day week, viz. the 24th of January, and that the counsel give notice thereof to Mr. Walker, the counsel for the plaintiff in error.

On the 24th of January, the motion was argued by *Mr. Bullard* and *Mr. Walker.*

*Mr. Bullard* referred to the record, and cited the act of 1789, chap. 20, § 22, to show that the writ of error was not in time.

*Mr. Walker* referred to the prayer for the writ of error, which was allowed on the 13th of October, before the expiration of five years from the date of the judgment. The bond also was executed and approved on the same day. If ·necessary, he would move to amend the record under the act of 1789, as the error was merely one of form. The teste of the writ should be dated at the preceding term of this court, because, although issued in the name of the chief justice, it was always presumed to be issued by the authority of the court. He would move, therefore, to amend it by inserting the date of the preceding term, viz. December term, 1847. Filing does not mean issuing. Although the writ was not filed until the 4th of November, the record does not show that it was not issued before. Suppose, after the writ is allowed, the clerk refuses or neglects to issue it; will that deprive the party of his remedy? In 10 Wheat. 311, the appeal was allowed, but security not given within five years. He cited also 2 Pick. 592; 7 Cranch, 277; 3 Peters, 459.

The case was docketed in this court on the 23d of January,

1849. Therefore this is the third term, and it is now too late to make this motion. There has been a regular appearance entered, not merely a formal one, but the opposite counsel directed in writing that his appearance should be entered. Brooks might have brought a new action if he had not supposed this appeal to be pending. Millaudon *v.* McDonogh, 3 Howard, 707.

*Mr. Bullard*, in reply. When he directed his appearance to be entered, he did not know the state of the record. This is not a question of form, but one of jurisdiction. The cases cited are not analogous. In appeals there is no necessity for a writ from a higher court, and this was one of the cases cited. But in writs of error, the higher court must act. When a motion should be made to alter the teste, he would meet it. This action was a petitory action, and Brooks could not have brought another suit, as he could have done in an ejectment.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought here by writ of error upon a judgment rendered in the Supreme Court of the State of Louisiana, and a motion has been made to dismiss the writ.

It appears by the record that the judgment was rendered on the 25th of October, 1843. The writ of error by which the case is brought here was allowed by the chief justice of the State court, upon the petition of the appellant, on the 19th of October, 1848, and the bond also bears date on that day. But the writ of error was not issued until the 4th of November following. It was issued by the clerk of the court in which the judgment was rendered, and on the same day, as appears by indorsement upon it, filed in that office by the counsel for the plaintiff in error. More than five years from the day of the judgment had therefore elapsed when this writ of error was filed.

The act of 1789, chap. 20, § 22, provides that writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of. The writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day on which the writ may have been issued by the clerk; or the day on which it is tested, are not material in deciding the question.

In this case, therefore, five years had elapsed before the

writ of error was brought, and the limitation of time in the act of Congress was a bar to the writ. According to the English practice, the defendant in error must avail himself of this defence by plea. He cannot take advantage of it by motion: nor can the court judicially take notice of it, as the limitation of time is not an objection to the jurisdiction of the court. It is a defence which the defendant in error may or may not rely upon, as he himself thinks proper. But according to the established practice of this court he need not plead it, but may take advantage of it by motion. The forms of proceeding in the English courts of error have never been adopted or followed in this court. And either party, without any formal assignment of error or plea, may avail himself of any objection which appears upon the record itself. In this case the bar arising from the lapse of time is apparent on the record, and the defendant may take advantage of it by motion to quash or to dismiss the writ.

As this objection is conclusive, it is unnecessary to inquire whether the writ of error was allowed or issued by proper authority, or what previous defects may be cured by the appearance of the defendant in error. The writ must be dismissed, upon the ground that it is barred by the limitation of time prescribed by the act of Congress.

### *Order.*

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Louisiana, and on the motion of H. A. Bullard, Esquire, of counsel for the appellee, to dismiss this writ of error upon the ground that it is barred by the limitation of time prescribed by the act of Congress, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed, with costs.