## STEVENS v. CLARK et al.

### (Circuit Court of Appeals, Seventh Circuit. March 6, 1894.)

### No. 113.

1. APPEAL—WHEN LIES—JUDGMENT AT LAW.

    Appeal does not lie from a judgment in an action at law, a writ of error being the only mode of review.

2. WRIT OF ERROR—TIME OF ISSUING AND FILING WAIVER.

    To give the appellate court jurisdiction of a writ of error, the writ must be issued and filed with the court below within the time prescribed by law, and this requirement cannot be waived by the parties.

Appeal from the Circuit Court of the United States for the Northern District of Illinois, Northern Division.

This was an action of assumpsit by Nora G. Clark and William Diacon against W. H. Banks and W. G. Stevens. At the trial the jury found for plaintiffs. Judgment for plaintiffs was entered on the verdict. Defendant Stevens appealed.

H. S. Robbins, for appellant.

Lynden Evans and Frederick Arnd, for appellees.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. There is in this case a preliminary question of jurisdiction to be decided. The action was one at law, to recover damages upon a contract for the delivery of ice. The case was tried before a jury in January, 1893, and a verdict rendered for the plaintiff on January 13, 1893, for $4,397.97. On February 20, 1893, a motion for a new trial was overruled, and judgment entered for the plaintiff upon the verdict. On April 19th an appeal was prayed for and allowed. The case was argued upon the merits on October 5, 1893, without any objection being raised as to the jurisdiction of this court to hear the case. It was afterwards discovered by the court that no writ of error had ever been prayed for or issued, and, the attention of counsel being called to the fact, argument was had and briefs were filed on the question whether or not this court could take jurisdiction of the case by consent, without a writ of error ever having been issued. If it could, then the objection on this ground must be considered as waived by the parties having argued and submitted the case upon the merits without objection.

We are of opinion that this court has not obtained jurisdiction of the case, and that the appeal must be dismissed. The appropriate and only mode of bringing cases of law for review before this court is a writ of error. An appeal is applicable only in chancery cases. The distinction is obvious, and has been steadily observed and maintained by the United States supreme court for a century. Equity cases must be brought up by appeal, which brings up the entire record upon the facts as well as the law. Cases at law can only be brought up by writ of error, which simply brings up the record for the correction of errors of law; that is to say, a writ of error carries up nothing but questions of

law, and these questions are to be determined according to the facts found in the record. An appeal carries up everything. It substitutes the higher court in place of the lower, and all questions, whether of fact or of law, depending upon evidence or law, may be re-examined by the appellate court, just as they were originally examined by the lower court having original jurisdiction. This was the practice in England at the time of the adoption of our constitution, and had been for a long time; but by some oversight or omission in the original judiciary act of September 24, 1789 (1 Stat. c. 20), this distinction was not preserved, and that statute (section 22) provided generally for the review of cases going up from the circuit court, whether legal or equitable, by writ of error; so that in all cases, whether at law or in equity or admiralty, a writ of error was the proper proceeding to obtain a review in the supreme court. After this law had remained in force about 14 years, from September, 1789, to March, 1803, this distinction, which had always existed in the English practice, was found so important that congress changed the law, by act of March 3, 1803 (2 Stat. c. 40), by providing that, in cases of equity and admiralty and maritime jurisdiction, and of prize and no prize, an appeal should be allowed to the supreme court. The effect of this provision was to repeal, by implication, the law of 1789, so far as that allowed a writ of error in a case in equity or admiralty, and to harmonize the system of appellate jurisdiction, and make it conform to the ancient and well-established principles of judicial proceedings. The writ of error, in cases at common law, remains in force, and submits to the revision of the supreme court only the law. The remedy by appeal is confined to equity and admiralty cases, and brings before the appellate court the facts as well as the law. These remedies could never in the United States courts be used interchangeably. The San Pedro, 2 Wheat. 132.

There can be no doubt that the law of 1891 (chapter 517, § 6), providing that the circuit court of appeals shall exercise appellate jurisdiction to review, by appeal or by writ of error, final decrees and judgments of the district and circuit courts in certain defined cases, preserves the same distinction which has hitherto so long existed, and that the proper proceeding in cases in equity is an appeal, and in cases at law a writ of error. If the language of this provision were to be construed literally, either an appeal or writ of error might be resorted to for the purpose of taking cases either at law or in equity to this court. But the provision should be construed with reference to the hitherto existing law and practice in these cases. There can be no presumption that congress intended to change the practice, unless that intention is plainly manifested by the language of the act.

The supreme court has uniformly held that it can obtain appellate jurisdiction in a case at law only by the issuing by the proper authority of a writ of error, and by filing the same in the court which rendered the judgment. Brooks v. Norris, 11 How. 204. Consent will not give jurisdiction; and if, at any time, the record does not show the necessary facts to give the court jurisdiction,

the court will dismiss the case. The jurisdiction of all the United States courts is special. The supreme court and the circuit court of appeals possess no appellate power in any case unless conferred upon them by act of congress; nor can such jurisdiction, when conferred, be exercised in any other form, or by any other mode of proceeding, than that which the law prescribes. Barry v. Mercien, 5 How. 103; U. S. v. Curry, 6 How. 106.

In McCollum v. Eager, 2 How. 61, it was decided by the supreme court that a decree in chancery cannot be brought up for review by a writ of error.

In Sarchet v. U. S., 12 Pet. 143, which was an action at law upon a bond (opinion by Chief Justice Taney), it was held that the case could not be brought to the supreme court by an appeal, but must come up on writ of error, to give the court jurisdiction; and the court say in that case it had been so repeatedly held by that court.

In Ballance v. Forsyth, 21 How. 389 (opinion by Chief Justice Taney), the same doctrine was reaffirmed; and it was held, further, that where an appeal had been taken and dismissed, and a motion made to reinstate the case, and a stipulation to that effect signed and filed by the parties, that consent could not give jurisdiction where the law did not.

In Kelsey v. Forsyth. Id. 85, it was held that the agreement of parties cannot authorize the supreme court to revise a judgment of an inferior court in any other mode of proceeding than that which the law prescribes.

In Walker v. Dreville, 12 Wall. 440, the court, by Mr. Justice Miller, says:

"We have so often decided that, notwithstanding the peculiarities of the Civil Code of Louisiana, the distinction between law and equity must be preserved in the federal courts, and that equity causes from that circuit must come here by appeal, and common-law causes by writ of error, that we cannot now depart from that rule without overruling decisions and a well-established course of practice. The present case being a proceeding in equity brought here by writ of error, and not by appeal, the writ must be dismissed."

In Bondurant v. Watson, 103 U. S. 278, and Ex parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317, the same doctrine is reaffirmed, Chief Justice Waite in each case delivering the opinion. In the first of these cases the writ of error was issued in the name and bore the teste of the chief justice of the supreme court of Louisiana. The court held it had no jurisdiction of the case, because no writ of error had been issued. No writ had been issued by the supreme court of the United States. As such a writ was necessary to the jurisdiction, the suit was dismissed.

Some stress was laid in the argument of this question upon the waiver of the writ of error by the appellee, by arguing and submitting the case upon the merits, without objection or making a motion to dismiss; and, if consent of parties, without the formality of a writ, could give jurisdiction, after the time had expired for issuing the writ, there can be no doubt that the submitting of the case on the merits would be a waiver. The law gives six months after the entry of the judgment in which to issue the writ of error or take an appeal. This provision as to time is absolute. The

right is strictly statutory. The time for suing out the writ or praying an appeal cannot be enlarged by stipulation of the parties, nor by the order of the court. The judgment was entered on February 20, 1893, and the time for issuing the writ expired on August 20, 1893. The case was argued October 5, 1893, a month and a half afterwards. There was nothing looking to a waiver until the right to the writ of error had been lost by lapse of time. If consent could give jurisdiction a month after the time for issuing the writ had elapsed, there is no reason why it might not ten years after. But it is quite clear from the authorities cited and others that there can be no waiver of the writ at any time. The issuing of the writ within the prescribed time is a jurisdictional fact, and neither consent nor anything else can take the place of it, at the option of the parties. If there can be no express waiver by stipulation, there can be no implied waiver.

The case of Credit Co. v. Arkansas Cent. Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107, is very instructive, and shows the great strictness with which these questions of the appellate jurisdiction of the United States supreme court have been treated. It was an appeal in a chancery case. The final decree in the circuit court was entered on January 22, 1883. The law allowed two years from final entry of the decree in which to appeal. On January 22, 1885, exactly two years after such entry, a petition for an appeal was presented by counsel for complainant to Mr. Justice Miller, and allowed. At the same time, Mr. Justice Miller signed a citation to the defendants to appear in the supreme court of the United States, at the next term, to answer the appeal. A bond for costs was also, at the same time, presented and approved by the same justice. These papers, if they had been filed in the court where the decree was entered on that day, would have perfected the appeal within the two years, and given the supreme court jurisdiction; but they were not presented to the circuit court, nor filed with the clerk thereof, until five days later, on January 27, 1885. The cause was argued at length in the supreme court when it was reached upon the docket, and submitted on the merits. The supreme court, nevertheless, dismissed the appeal for the want of jurisdiction, because not taken in time; that is to say, within the two years allowed by law. The doctrine declared in Brooks v. Norris, 11 How. 204, that the writ of error is not "brought," in the legal meaning of the term, until it is filed in the court which rendered the judgment, is reaffirmed, and the same doctrine applied to appeals. There an appeal had been prayed for and allowed within the time, and all the papers necessary to perfect it filed in the proper court, five days thereafter. The cause, when reached, was argued and submitted on the merits. So far as the little matter of the delay of five days in filing the appeal papers could be waived by the parties, it was waived; but the court refused to take jurisdiction, notwithstanding the waiver. The same doctrine is affirmed in subsequent cases. See Small v. Railroad Co., 134 U. S. 515, 10 Sup. Ct. 614; Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771.

We have examined all the cases cited by counsel for the appellant, and think that they do not conflict with or affect the authority of the cases already noticed in this opinion. The two cases decided by the United States supreme court most relied upon are Gelston v. Hoyt, 3 Wheat. 246, and McDonogh v. Millaudon, 3 How. 693. In the earlier case (opinion by Mr. Justice Story) the writ of error was regularly issued by the United States supreme court, and directed to the court of errors of the state of New York. The case had been taken from the supreme court of New York to the court of errors, and was there heard and decided; but according to the practice in that state the record, after hearing in court of errors, was returned to the supreme court. This having been done before the writ reached the court of errors, that court could not execute the writ. The writ was then presented to the supreme court, whence the record was sent; but, not being directed to that court, it could not regularly execute the writ. In this situation the parties consented to waive all objections to the direction of the writ, and to consider the record as properly brought up, if, in the opinion of the United States supreme court, the case could then be properly brought up by writ of error directed to the supreme court of New York, where the record was. The court held that this might be done, and took cognizance of the case. The law which provided for issuing writs of error to a state court did not prescribe the tribunal to which the writ should be directed. The court held it must be directed either to that tribunal which could execute it, to that in which the record and judgment to be examined are deposited, or to that whose judgment is to be examined, although, from its structure, it may have been rendered incapable of performing the act required by the writ. Since the law required a thing to be done, and gave the writ of error as the means by which it was to be done, without prescribing, in this particular, the manner in which the writ was to be used, it appeared to the court to be perfectly clear that the writ must be used so as to effect the object, which was to bring up the record. The writ having been regularly issued, and the purpose of issuing it having been fully accomplished, there was nothing lacking to give the court jurisdiction. What the parties waived was not the issuing of the writ, but the particular manner of sending up the record, which was not jurisdictional.

In McDonogh v. Millaudon the writ of error was issued by the clerk of the supreme court of Louisiana, and the citation was signed by one of the judges of that court. The record was sent up by that court to the supreme court of the United States. At the instance of the defendant in error, a writ of certiorari was afterwards sent down to the state court to complete the record. This was executed, and the cause had been pending in the supreme court of the United States for two years when a motion was made by the defendant in error to dismiss the case. The court refused to dismiss the case, without deciding whether or not the writ could regularly be issued by the clerk of the state court. In this case a writ and citation had been issued, and the defendant in error, after the record had gone up,

had himself obtained from the supreme court a writ of certiorari directed to the state court to complete the record. The purpose of the writ, whether regularly issued or not, had been accomplished; and, by the aid of a certiorari issued at the instance of the defendant in error, the record had been completed. This, clearly, is not the case of dispensing with the writ by waiver or consent of parties, which the supreme court has so often declared cannot be done.

The true line of distinction running through the cases is between facts which are jurisdictional and those which are not. The issuance of the writ and filing it with the court below within the time prescribed by law are jurisdictional, and cannot be waived. They are the only means known to the law for bringing up for review cases at law; but any mere irregularity in getting up the record may be waived.

In the case at bar no writ of error has ever been issued, and the time for issuing one had expired a month prior to the hearing. The result is, the appeal must be dismissed.