## BROCHON et al. v. WILSON et al.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1899.)

### No. 502.

1. REVIEW — APPEAL OR ERROR — SUPPLEMENTARY PROCEEDINGS AFTER JUDGMENT.

An application made by an assignee for the benefit of creditors of a judgment debtor, under an assignment made after levy, for the release of the levy under a state statute, is a proceeding in the nature of a supplementary bill in equity, and may be taken to the circuit court of appeals for review by an appeal.

2. FEDERAL COURTS—STATE STATUTE—RELEASE OF LEVY.

A state statute providing that, on the making of a general assignment for the benefit of creditors by a judgment debtor within 10 days after the levy of an execution on his property, such levy shall be dissolved, and the property shall be turned over to the assignee, as applied to indebtedness created after its enactment operates upon the contract, and makes the assignee, in the event of an assignment, the absolute owner of the property in trust, devested of the lien of the execution. As applied to a levy made under a judgment of a federal court based upon such a contract, the statute is not an interference with the jurisdiction of the court in favor of state tribunals, and should be recognized and enforced.

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

On December 31, 1897, Hugh B. Wilson, Elijah C. Wilson, and William H. Wilson, the appellees, recovered judgment in the court below in an action at law against Louis N. Brochon, one of the appellants, upon a note executed by Brochon, dated August 27, 1897, payable on demand after date. Upon that judgment a writ of execution was issued out of the court to the marshal of that district, under which writ that officer levied upon and took into his possession a certain stock of goods contained in the store of the execution debtor at West Superior, Wis., and advertised the same for sale. On the 11th day of January, 1898, and within 10 days after such levy, the judgment debtor, Louis N. Brochon, executed to the appellant D. S. Culver, under the provisions of chapter 80 of the Revised Statutes of the State of Wisconsin and the acts amendatory thereof, an assignment of all his property in trust for the benefit of his creditors. Thereupon the assignee and judgment debtor, by petition filed in the court below, sought for an order directing the marshal to turn over to the assignee the property so levied upon under his said writ, and that the writ of execution be set aside, dissolved, and declared void; claiming that, by virtue of a statute of the state of Wisconsin, and by virtue of the assignment made in conformity therewith, the levy of the writ of execution was dissolved. The statute is as follows (Laws Wis. 1897, c. 334; Sanb. & B. Ann. St. Wis. 1898, § 1694a): "Whenever the property of an insolvent debtor is attached or levied upon by virtue of any process in favor of a creditor, or a garnishment is made against such debtor, he may, within ten days thereafter, make an assignment of all his property and estate, not exempt, for the equal benefit of all his creditors, whereupon all such attachments, levies, garnishments or other process shall be dissolved and the property attached or levied upon shall be turned over to such assignee or receiver." To the petition so filed a demurrer was interposed, and upon the hearing the demurrer was sustained, and the prayer of the petition was denied by the court. Whereupon the petitioners prayed and were allowed an appeal to this court from that order or decree.

H. H. Grace, for appellants.

H. T. Briggs, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The appellees contend that this appeal should be dismissed within our ruling in Stephens v. Clark, 18 U. S. App. 584, 10 C. C. A. 379, and 62 Fed. 321, for the reason that the action below was one at law, and can only be brought here for review by writ of error. This contention cannot be sustained. The judgment below is not brought here for review. The proceeding is one after judgment to determine the right to the property levied upon by virtue of the writ of execution issued upon that judgment. It is a proceeding in the nature of a bill in equity, to bring before the court matters occurring subsequently to the judgment, and which it is said should avail to dissolve the lien of the execution. The proceeding, we think, cannot be characterized—as was said at the bar—as a substitute for the ancient writ of audita querela. That writ was an equitable proceeding to relieve a judgment debtor from the judgment upon good matter of discharge happening subsequently to the judgment; but we understand that writ to lie only at the instance of the defendant in the judgment, or possibly of one privy to the judgment, while here the judgment is not impugned, but the holding of the property under the writ of execution is chal-

lenged by the assignee because of the assignment subsequent to the levy. It is, however, in substance a bill in equity; not an independent bill, but one ancillary and dependent, supplementary merely to the action at law out of which it has arisen, or a proceeding in the nature of an interpleader, and is allowable in this informal way for the speedy determination of the rights involved, in the interest both of the claim-ant of the property and of the officer executing the writ. The pro-ceeding is sanctioned and sustained in Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, and can be brought here by appeal.

Coming to the merits, it is insisted by the appellees that, in the seizure of this property for the purpose of applying the proceeds there-of to the satisfaction of the judgment, the court below and its officer were acting strictly within the scope and jurisdiction of their authority, and that this jurisdiction cannot be taken away or impaired by any state enactment, under the rule declared that state laws, whether gen-eral or special, cannot in any manner limit or affect the operation of the process or proceeding of the federal courts. The rule in this regard has been considered and asserted. Borer v. Chapman, 119 U. S. 587, 600, 7 Sup. Ct. 342; Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155; Chicot Co. v. Sherwood, 148 U. S. 529, 13 Sup. Ct. 695; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, and cases cited; In re Chet-wood, 165 U. S. 443, 460, 17 Sup. Ct. 392. In the latter case the rule is thus stated:

"The doctrine is firmly established that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court, and that, where property is actually in the possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court of concurrent jurisdiction."

It is alleged for the appellants that the statute of Wisconsin in ques-tion here operates upon the contract, and not upon the process of court, and is constitutional with respect to all contracts made subsequently to its passage. Its constitutionality has been sustained by the highest authority. Denny v. Bennett, 128 U. S. 489, 9 Sup. Ct. 134; Bank v. Schranck, 97 Wis. 250, 73 N. W. 31; Peninsular Lead & Color Works v. Union Oil & Paint Co. (Wis.) 76 N. W. 359; Heath & Milligan Mfg. Co. v. Union Oil & Paint Co., 83 Fed. 776. The contract upon which this judgment was rendered appears to have been executed subse-quent to the act of the legislature of Wisconsin here in question, and prima facie is governed by it; so that the only question presented is whether the principle invoked by the appellees is applicable here. We think it is not. It is not the case of a state law seeking to devest a federal court of its rightful jurisdiction, or to take from it property in its custody under its writ for the purpose of enforcing rights of other parties to that property in another tribunal. It is not like the case of Railroad Co. v. Gomila, supra, which was insisted upon as con-trolling of the question here. There the judgment debtor died after levy upon his property under writ of execution issued upon a judgment in a federal court, and his administrator applied to the federal court to have the sale under the execution suspended, and the property administered by the probate court of the state, and turned over bur-

dened with any lien in favor of the plaintiff in the judgment which might have resulted from seizure. That, the supreme court said, could not be done, because it would be an abandonment or transfer of the jurisdiction of the federal court to the state court, and the suitor was entitled to have his rights determined and enforced by the federal court. But this proceeding does not seek to have the jurisdiction of the federal court devested, or jurisdiction imposed upon any state tribunal. The assignee, by virtue of the assignment, as to contracts subsequent to the going into effect of the act, became the absolute owner in trust of the property in question, devested of the lien obtained by the writ of execution. The law which worked the dissolution of the lien operated upon the contract itself. The contract was made in the light of the law, and as though the statute itself were incorporated in the contract, and any rights growing out of that contract were acquired subject to the contingencies contemplated by the statute. It is not, therefore, a case where a federal court is sought to be shorn of its rightful jurisdiction, but a case where the owner seeks to obtain possession of the property which by the law of the contract could not be held under any judgment obtained upon the contract, in the event of the subsequent assignment for the benefit of creditors within the time limited by the statute. It is not a case of administration or of jurisdiction; it is a question of title to property. It is, so to speak, a proceeding in the nature of an equitable replevin in the court by which the judgment was rendered. We think the cases are clearly distinguishable, and that it is both just and convenient that the federal court, recognizing the law of the state, should yield to the assignee the property which has been rightfully levied upon, but which has subsequently become the property of the assignee, freed of the lien of the levy, by virtue of the law of the state, which entered into and controls the contract upon which the judgment was rendered. The proceeding is summary, affording speedy determination of the rights of the parties by the court having jurisdiction, and is also protective of the rights of the officer who has seized the property under the writ; for, unquestionably, an action of trover would lie against him for the value of the property seized. Denny v. Bennett, supra. The decree or order appealed from is reversed, and the cause is remanded, with directions to the court below to overrule the demurrer, and to take such further proceedings upon the petition as may not be inconsistent with this opinion.

SHOWALTER, Circuit Judge, sat at the hearing of this case, but died before its decision.