## CITY OF WAXAHACHIE v. COLER et al.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1899.)

### No. 771.

APPEAL AND ERROR — TIME FOR TAKING—WHEN WRIT OF ERROR IS "SUED OUT."

Within the meaning of the provision of the act of March 3, 1891, creating the circuit courts of appeals (26 Stat. 826, 829), that no writ of error shall be sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed, a writ of error is "sued out" by being obtained and issued, and not by the filing of the petition and bond and obtaining its allowance from the judge of the court rendering the judgment. If the writ is not issued within the six months, the circuit court of appeals is without jurisdiction; and whether the failure to issue it in time is through the negligence of the plaintiff in error or the fault of the clerk appears to be immaterial.

In Error to the Circuit Court of the United States for the Northern District of Texas.

On motion to dismiss writ of error.

W. H. Clark, Wm. Thompson, and E. H. Farrar, for plaintiff in error.

W. S. Herndon and Ben B. Cain, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and PAR-LANGE, District Judge.

PARDEE, Circuit Judge. A motion is made to dismiss this appeal, on the ground that the writ of error was not sued out within six months after the entry of the judgment. The judgment was entered March 5, 1898. On September 3, 1898, the plaintiff in error presented to the district judge of the Northern district of Texas, the court in which the judgment was rendered, a petition for a writ of error to this court, accompanied with an assignment of errors. The judge signed the order allowing the writ, conditioned upon the plaintiff in error furnishing a bond for $1,000. On the 5th of September the bond was executed, approved, and filed, and on the same day the petition for the writ, the assignment of errors, and the order allowing the writ were also filed. On the 9th of September, four days after the expiration of six months from the entry of the judgment, the clerk issued and filed the writ, which bears teste and filing of that date; and the judge on the same day signed the citation in error. On October 4, 1898, the defendant in error filed a general appearance in this court.

The act of congress of March 3, 1891, creating the circuit courts of appeals, and defining their jurisdiction, provides, among other matters:

"That no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit court of appeals under the provisions of this act, shall be taken or sued out except within six months after the entry of the order, judgment or decree sought to be reviewed."

And, further: "That all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and systems of appeals and writs of error provided for in this act in respect of the circuit courts of appeals, including all provisions for bonds, or other securities to be required and taken on such appeals and writs of error." 26 Stat. 826, 829.

The writ of error is the writ which removes the case from the inferior to the appellate court, and its "issuance" or "bringing" or "suing out" is jurisdictional.

In Hodge v. Williams, 22 How. 88, it is said:

"And this court have no appellate power over the judgment of the court below, unless the judgment is brought here according to the act of congress,—that is, by writ of error; and that writ, from its nature and character, must be sued out by the party who alleges error in the judgment of the inferior court. This writ is not mere matter of form, but matter of substance prescribed by law, and essential to the jurisdiction of this court. * * * It is the duty of the party who desires to bring a case before this court, to see that proper and legal process is sued out for that purpose; and if he fails to do so, he has no right to treat the defect as a mere clerical error, for which he is not to be held responsible."

In Brooks v. Norris, 11 How. 207, it is said:

"It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of congress must be calculated accordingly."

These declarations as to the necessity and effect of the writ of error have often been reiterated and followed, and never (to our knowledge) departed from. U. S. v. Curry, 6 How. 106, 113; Saltmarsh v. Tuthill, 12 How. 387, 389; Carroll v. Dorsey, 20 How. 204; Mussina v. Cavazos, 6 Wall. 355; Washington Co. v. Durant, 7 Wall.

694; Cummings v. Jones, 104 U. S. 419; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877; Polleys v. Improvement Co., 113 U. S. 81, 5 Sup. Ct. 369; Credit Co. v. Arkansas Cent. Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107; Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771; Warner v. Railway Co., 2 U. S. App. 647, 4 C. C. A. 670, and 54 Fed. 920; U. S. v. Baxter, 10 U. S. App. 241, 2 C. C. A. 410, and 51 Fed. 624; Union Pac. Ry. Co. v. Colorado Eastern Ry. Co., 12 U. S. App. 110, 4 C. C. A. 161, and 54 Fed. 22; Stephens v. Clark, 18 U. S. App. 584, 10 C. C. A. 379, and 62 Fed. 321; Insurance Co. v. Phinney's Ex'x, 48 U. S. App. 78, 22 C. C. A. 425, and 76 Fed. 617. A writ of error cannot be waived. See Stephens v. Clark, supra, and the many cases there cited.

The plaintiff in error contends that the term "sued out," as used in the act of 1891, does not mean the same as the term "brought," in section 1008, Rev. St. U. S.; and that, within the meaning of the act of 1891, a party has sued out a writ of error when he has filed his petition and bond therefor, and obtained the allowance of the writ from the judge of the court rendering the judgment. We find that the terms "brought" and "sued out," as applied to writs of error, and meaning the issuance of the writ by proper authority, and the filing of the same in the proper court, appear to be used synonymously in the statutes of the United States, in the decisions of the courts, and in the text-books. See Judiciary Acts 1789, 1875, 1891, and Rev. St. U. S. §§ 635, 1008; Rev. St. D. C. § 848; 25 Stat. 433; Hodge v. Williams, supra; Kitchen v. Randolph, 93 U. S. 86; Tidd, Prac. 1134 et seq. To sue out means to obtain judicially; to issue. To sue out a writ is to obtain and issue it. Burr. Law Dict. "Sued out" therefore means obtained and issued. As the writ of error in this case was not sued out—that is, obtained and issued—within six months from the entry of the judgment in the circuit court, it seems we have no jurisdiction to review the judgment of that court. Whether the failure to obtain and issue the writ in time resulted from the negligence of the plaintiff in error, or was the fault of the clerk, appears to be immaterial. U. S. v. Curry, supra; Saltmarsh v. Tuthill, supra. The writ of error is dismissed.