## BREWSTER v. EVANS.

### (Circuit Court of Appeals, Fifth Circuit. April 11, 1899.)

### No. 731.

APPEAL—TIME FOR TAKING.

Where a writ of error was not sued out until more than six months after the expiration of an extended time allowed after judgment for preparation of a bill of exceptions, nor within that time after the bill of exceptions was actually signed and filed, it is too late to give the circuit court of appeals jurisdiction, and cannot be aided by a showing that the bill was not returned promptly to counsel after being signed by the judge.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

T. M. Miller, for plaintiff in error.

J. M. Stone, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The judgment sought to be reviewed in this cause was entered on the 14th day of June, 1897, and the court adjourned for the term on the same day. A bill of exceptions was signed by the judge on the 1st day of September, 1897, and was filed in the clerk's office on the 1st day of October, 1897. The record does not show any order of the court nor agreement of counsel extending the time within which a bill of exceptions might be taken, nor does it show any other excuse for failure to seasonably present a bill of exceptions. As the case is presented by the record, the trial judge had no authority to sign and allow a bill of exceptions after the term at which

the judgment was rendered. Muller v. Ehlers, 91 U. S. 249; Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230. Counsel for the defendant in error, however, admits that the court gave an order allowing the plaintiff in error 60 days within which to present his bill of exceptions. The bill was not filed within 60 days. Counsel for plaintiff in error tenders his affidavit "that the bill of exceptions in said cause was presented to the judge of said district within the time prescribed by law and the order of the court; that the same was not returned for quite a long while to counsel for appellant for examination, and this, and this only, delayed the suing out of the writ of error,—the same being sued out promptly upon the receipt of the bill of exceptions by counsel." The writ of error was sued out on April 28, 1898,—more than 6 months after the bill of exceptions was signed by the trial judge, and more than 10 months after the entry of the final judgment. Whether an order by the trial court giving time within which to prepare and have allowed a bill of exceptions has the effect of a motion for a new trial, held under advisement by the court, in determining when the time within which a writ of error may be sued out under the act of 1891, need not be decided, because the 6 months allowed by said act had elapsed in this case, whether we count from the actual date of entry of the judgment, or from the expiration of the 60 days allowed by the court, or even from the day when the bill of exceptions was signed by the trial judge. We are clear that the writ was sued out too late to give this court jurisdiction. See City of Waxahachie v. Coler (recently decided) 92 Fed. 284. Writ of error dismissed.