### RUTAN v. JOHNSON et al.

#### HEROLD, Collector of Internal Revenue, v. JOHNSON et al.

(Circuit Court of Appeals, Third Circuit. March 7, 1904.)

1. CIRCUIT COURT OF APPEALS—JURISDICTION—TIME FOR SUING OUT WRIT OF ERROR.

Under section 11 of Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], creating the Circuit Courts of Appeals, such court is without jurisdiction to review a judgment on a writ of error not issued until more than six months after the entry of the judgment, notwithstanding it may have been allowed within that time.

On Motions to Dismiss for Want of Jurisdiction.
For opinion below, see 122 Fed. 993.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

PER CURIAM. In each of the two above-entitled cases the record discloses the same state of facts. Final judgment was entered on June 12, 1903. A bill of exceptions was signed and filed on September 22,

¶ 1. Jurisdiction of Circuit Court of Appeals, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.

1903, and on the same day an assignment of errors was filed and a writ of error was allowed by the judge upon a petition presented and filed. The writ of error, however, was not issued until December 28, 1903, and on that day was filed in the court below. It follows, therefore, that the writ of error was not sued out within the time limited by the act of March 3, 1891 (chapter 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], namely, within six months after the entry of the judgment sought to be reviewed, and hence we have no jurisdiction. This conclusion is abundantly sustained by decisions of United States Circuit Courts of Appeals and the Supreme Court. United States v. Baxter, 51 Fed. 624, 2 C. C. A. 410; Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379; City of Waxahachie v. Coler, 92 Fed. 284, 34 C. C. A. 349; Brooks v. Norris, 11 How. 204, 207, 13 L. Ed. 665; Scarborough v. Pargood, 108 U. S. 567, 2 Sup. Ct. 877, 27 L. Ed. 824.

The writ of error in each of the above-entitled causes is dismissed for want of jurisdiction.