COLLINS v. HUFFMAN et al.

(Circuit Court of Appeals, Third Circuit. October 19, 1917.)

No. 2269.

COURTS ⬥405(14)—CIRCUIT COURT OF APPEALS—TIME OF TAKING PROCEEDINGS FOR REVIEW.

Under Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (Comp. St. 1916, § 1647), forbidding an appeal or writ of error to the Circuit Court of Appeals, except within six months after the entry of the order, judgment, or decree sought to be reviewed, the court has no jurisdiction, where the writ of error is not actually issued within six months, though allowed within that period.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action by Clara Collins against Harvey Huffman and others. The suit was dismissed, and plaintiff brings error. On motion to dismiss the writ of error. Writ dismissed.

John H. Bonner, of Scranton, Pa., for plaintiff in error.

W. B. Eilenberger, A. M. Palmer, and Harvey Huffman, all of Stroudsburg, Pa., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McPHERSON, Circuit Judge. This suit for a conspiracy to defraud was begun on June 20, 1916, by Clara Collins, a married woman, against Harvey Huffman and several other defendants. In the præcipe for the summons and in her statement of claim the plaintiff declared herself to be a citizen of New York, and the defendants to be citizens of Pennsylvania. On the face of the papers, therefore, the court had jurisdiction; but before answering on the merits the defendants raised the preliminary question whether the plaintiff was in fact a citizen of New York, averring that both she and her husband were citizens and residents of Pennsylvania. On that point the District Judge heard testimony, and, being of opinion that "the evidence before the court conclusively shows the plaintiff to be a citizen of Pennsylvania," he entered an order dismissing the suit for lack of jurisdiction. The order was entered on October 31, and on April 30, 1917, he allowed a petition for a writ of error to this court "upon the plaintiff giving bond according to law in the sum of $500, which bond shall be approved by the clerk." No bond was presented for approval until May 11, and not until that day was the writ of error issued and filed in the District Court. U. S. Comp. Stat. § 1663. No assignments of error were filed in that court until September 26, when the District Judge allowed them to be filed "nunc pro tunc." The defendants now move to dismiss the writ of error on three grounds:

(1) The assignments were not filed in accordance with section 6, rule 14, of this court (224 Fed. ix, 137 C. C. A. ix) requiring "the assignments of error [to be] submitted and filed with the petition for appeal or writ of error immediately after the appeal or writ of error is allowed."

(2) The only question raised and decided below was the jurisdiction of the District Court, and therefore the writ should have been taken directly to the Supreme Court. Act March 3, 1891, § 5 (Comp. St. 1916, § 1215).

(3) The writ of error to this court was not taken within the statutory period of six months.

The third reason alone will be considered. Section 11 of the act of 1891 (Comp. St. 1916, § 1647) forbids an appeal or a writ of error to this court "except within six months after the entry of the order, judgment, or decree sought to be reviewed." Under this section we have already decided in Rutan v. Johnson, 130 Fed. 109, 64 C. C. A. 443, that we have no appellate jurisdiction where the writ of error is not actually issued until after six months from the entry of the judgment sought to be reviewed, although (as in that case) the writ may have been allowed within the period limited by the act. See, also, Waxahachie v. Coler (C. C. A. 5) 92 Fed. 284, 34 C. C. A. 349; Kentucky Coal Co. v. Howes (C. C. A. 6) 153 Fed. 163, 82 C. C. A. 337; Williams Co. v. United States, 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318.

The writ of error is dismissed, with costs.