## VERITAS OIL CORPORATION v. McLAIN et al.

(Circuit Court of Appeals. Fifth Circuit. February 5, 1925.)

No. 4039.

**1. Courts** ⬤═405(14)—**Circuit Court of Appeals has no jurisdiction on writ of error not taken out within the six months period.**

Under Comp. St. § 1647, the Circuit Court of Appeals has no jurisdiction on writ of error, petition therefor and order thereon not having been lodged with and filed by the clerk of the district till more than six months after entry of the judgment and overruling of motion for new trial.

**2. Courts** ⬤═405(14)—**Time for taking out writ of error from Circuit Court of Appeals not extendable.**

The six months period, under Comp. St. § 1647, for taking out writ of error from Circuit Court of Appeals to District Court, cannot be extended by the court nor by consent of parties.

In Error to the District Court of the United States for the Dallas Division of the Northern District of Texas; William I. Grubb, Judge.

Action by the Veritas Oil Corporation against W. K. McLain and others. Judgment for defendants, and plaintiff brings error. Dismissed.

Joseph W. Bailey, Jr., of Dallas, Tex. (J. W. Bailey and Luther Nickels, both of Dallas, Tex., on the brief), for plaintiff in error.

H. A. Cunningham, of Bonham, Tex., and Mark McMahon, of Fort Worth, Tex. (Cunningham, McMahon & Lipscomb, of Bonham, Tex., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. [1] At the threshold of this case we are met with a motion to dismiss upon the ground that the writ of error was not "sued out * * * within six months after the entry of * * * judgment." The record discloses that the judgment below was entered on June 6 and the motion for new trial overruled on June 10, 1922. While the supersedeas bond bears the file mark of December 4, it is shown that both it, the petition for writ of error, and order thereon by the trial court were not actually lodged with and filed by the clerk below until the 14th day of December, 1922, more than six months after the entry of the judgment. Citation and writ of error were signed on December 18, and these, together with the approved bond, were filed on December 23 of that year. It follows that we have no jurisdiction, and the case must be dismissed. U. S. Compiled Statutes, § 1647; Brooks v. Norris, 11 How. 207, 13 L. Ed. 665; City of Waxahachie v. Coler, 92 F. 284, 34 C. C. A. 349 (C. C. A. 5th C.); Rutan v. Johnson et al., 130 F. 109, 64 C. C. A. 443; Clark v. Doerr, 143 F. 960, 75 C. C. A. 146 (C. C. A. 5th C.); Kentucky Coal, etc., v. Howes, 153 F. 163, 82 C. C. A. 337; Siegelschiffer v. Penn. Mutual Life Insurance Co., 248 F. 226, 160 C. C. A. 304.

[2] The time can neither be extended by the court nor by consent of the parties. Credit Co. v. Arkansas Railway Co., 128 U. S. 258, 9 S. Ct. 107, 32 L. Ed. 448; Judson v. Courier Co. (D. C.) 25 F. 705; Camden Iron Works v. City of Cincinnati, 241 F. 846, 154 C. C. A. 548; Stevens v. Clark, 62 F. 321, 10 C. C. A. 379.

For the reasons assigned, the appeal is dismissed.