CHICAGO, M. & ST. P. RY. CO. v. LEVERENTZ.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1927.

No. 7580.

1. Appeal and error ⟜345(1)—Statutory time for suing out writ of error cannot be enlarged by court.

The time limited by statute for suing out writ of error is not subject to control by the court, except that, where motion for new trial is seasonably made, it tolls the statute, and for the purpose of review the judgment does not became final until decision of the motion.

2. Judgment ⟜341—Federal courts control judgments throughout term at which entered.

Courts of the United States retain control over their judgments throughout the term at which they are entered.

3. Appeal and error ⟜345(1)—Where motion for new trial is not made within three months after judgment, right to review on error is lost (Comp. St. § 1126b).

Under Act Feb. 13, 1925, § 8 (Comp. St. § 1126b), limiting the time for applying for writ of error to three months after entry of judgment, a motion for new trial, to be seasonable and to toll the statute, must be made, not only during the term, but within the three-months period; otherwise, the right of review by writ of error is lost, and cannot be restored by subsequent motion.

In Error to the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Action at law by Carl F. Leverentz, administrator, against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant brings error. Writ of error dismissed for want of jurisdiction.

See, also, 7 F.(2d) 396.

A. C. Erdall, of Minneapolis, Minn. (F. W. Root and C. O. Newcomb, both of Minneapolis, Minn., on the brief), for plaintiff in error.

Warren Newcombe, of St. Paul, Minn. (Stan D. Donnelly, of St. Paul, Minn., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is a writ of error from a judgment on verdict according damages for personal injuries.

The point is made that this writ should be dismissed because application therefor was not made within three months from entry of judgment. The judgment was entered December 10, 1925, as follows:

"Wherefore, in accordance with said verdict, it is by the court considered, ordered and adjudged, that the plaintiff herein, Carl F. Leverentz, as administrator of the estate of Carl Edward Leverentz, do have and recover of and from defendant herein, Chicago, Milwaukee & St. Paul Railway Company, five thousand dollars, together with his costs and disbursements herein.

"It is further by the court ordered that execution and all proceedings herein, excepting the entry of the judgment herein, and costs, be and the same hereby are stayed for a period of forty-two days to permit the defendant herein to sue out a writ of error and

present a bill of exceptions or to make a motion for a new trial herein."

This stay was extended by subsequent orders each entered within the time of the preceding order. Within the period of the last extension, a motion for new trial was filed and overruled. On June 19, 1926, within a month after the motion for new trial was overruled, the application for the writ was filed.

We think a motion for a new trial to toll the judgment for purposes of review must be filed, not only within the term or some seasonable order granting further time, but must be filed within the three months following the entry of judgment. This judgment was final in the sense of review. The stay merely suspended execution of the judgment.

The reasoning of and the authorities cited in the memorandum opinion of Judge Cant upon the overruling of the motion for new trial are so satisfactory that we approve the applicable portions thereof as follows:

"Plaintiff claims that after the lapse of three months from the entry of judgment no writ of error could be sued out and that the judgment thereby became absolute and not subject to further control by the trial court.

"Defendant claims that throughout the term at which the judgment was entered and throughout any valid extension of that term, it was entitled to make a motion for a new trial; that such motion if made within the term mentioned was in time, that it tolled the judgment, and that the time within which to sue out a writ of error would not begin to run until decision on the motion for a new trial.

"It may be that neither of these views is strictly accurate.

"There are two rules relating to practice equally well settled which must be considered:
[1] "(1) That the time limited by statute within which to sue out a writ of error is fixed and unchangeable and is not subject to control by the court or by consent of parties. Veritas Oil Corporation v. McLain, et al. (C. C. A.) 4 F.(2d) 389; Camden Iron Works Co. v. City of Cincinnati (C. C. A.) 241 F. 846; Elliott Machine Corporation v. Vogt Bros. Mfg. Co. (D. C.) 267 F. 934; Old Nick Williams Co. v. United States (C. C. A.) 152 F. 925, 928; Old Nick Williams Co. v. United States, 215 U. S. 541, 544, 545, 30 S. Ct. 221, 54 L. Ed. 318; Brooks v. Norris, 11 How. 204, 207, 208, 13 L. Ed. 665.

"There is one exception to this rule—that where a motion for a new trial is seasonably made, it tolls the statute, and for the purpose of appeal, the judgment does not become final until decision of the motion. Kingman v. Western Mfg. Co., 170 U. S. 675, 678, 18 S. Ct. 786, 42 L. Ed. 1192; Payne v. Garth (C. C. A.) 285 F. 301, 308.

[2] "(2) That courts of the United States retain control over their judgments throughout the term at which they are entered. Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797; U. S. v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129; Walker v. Moser (C. C. A.) 117 F. 230, 232.

"When the time within which to sue out a writ of error was five years as provided in 1 Statutes at Large, c. 20, § 22, p. 85, or two years, or one year, or six months, as it was by successive statutes, there was little danger of any conflict between these rules. A motion made within the term would also usually be within the five years or two years or one year or six months allowed for suing out a writ of error. When the court spoke of a motion being seasonably made it was usually made both within the term and also before the time had elapsed within which a writ of error might be sued out.

"With the time now reduced to three months within which to sue out a writ of error (43 Statutes at Large, c. 229, § 8, p. 940 [Comp. St. § 1126b]), there is abundant opportunity for trouble or misunderstanding with these rules.

"The true solution is to give effect to both rules.

[3] "If after the entry of judgment, the period of three months shall fully lapse without the making of any motion for the modification or control of the judgment, the right to review on writ of error has been lost. There is no tolling of the time within which to bring error, when the time has already fully expired. The intention cannot be that by lapse of time the judgment shall be proof against a writ of error today, but that next week or next month, by reason of some act of the party complaining of the judgment, it may be brought back, as it were, to the status in which it was during the three months next after its entry. When the right to bring error is once lost it cannot be revived. Conboy v. First National Bank, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128. This case by analogy is quite persuasive. Old Nick Williams Co. v. U. S., 215 U. S. 541, 544, 30 S. Ct. 221, 54 L. Ed. 318; Brady v. Bernard & Kittinger (C. C. A.) 170 F. 576; Brady v. Bernard & Kittinger, 217 U. S. 595, 30 S. Ct. 695, 54 L. Ed. 896; Ewing v. Russell Hardware Co. (C. C. A.) 287 F. 535; In re Community Finance Co. (C. C. A.) 295 F. 773, 776; In re Stearns & White Co. (C. C. A.) 295 F. 833, 840.

"To save the right to sue out a writ of error and to extend the time therefor beyond

the period of three months, the motion for a new trial must not only be made during the term, but it must be made during the three months next after the entry of the judgment and before the judgment becomes immune to a writ of error.

"Notwithstanding a defeated party may have lost the right to bring error, he may, under the rules, still have the right within the term to make a motion for a new trial, and to have the benefit of the court's judgment thereon. If the court shall grant the motion, a new trial will follow. If the court shall deny the motion, there is no remedy. The privilege of presenting a motion for a new trial and of having it heard and determined on its merits even after the time within which to sue out a writ of error has expired, is a valuable right. There is no authority for denying it in this case. The motion for a new trial should therefore be considered on its merits."

The writ of error must, for want of jurisdiction in this court, be and it is ordered dismissed.