**UNITED STATES v. McINTOSH.**

District Court, E. D. Virginia.

May 29, 1933.

For former opinion, see 2 F. Supp. 244. See, also, 57 F.(2d) 573.

Paul W. Kear, U. S. Atty., of Norfolk, Va., for the United States.

Edmond C. Fletcher, of Washington, D. C., and Thomas H. Lion, of Manassas, Va., for defendant.

CHESNUT, District Judge.

 In this case a decree was entered in favor of the plaintiff on January 17, 1933, during the present court term. On May 16, 1933, a petition for rehearing was filed by the defendant. Counsel for the plaintiff suggests that it should not be considered because filed more than three months (the time allowed for appeal) after the decree was entered. (USC title 28, § 230 [28 USCA § 230]). But the term of court will not expire until June 5, 1933. Therefore, irrespective of whether the time for appeal has expired and may not be extended by the filing of this petition and the present disposition thereof (a question not before me and on which I express no opinion), I have felt it proper to consider the petition on its merits, as it is at least discretionary with me to do so. See Chicago, M. & St. Paul Ry. v. Leverentz (C. C. A. 8) 19 F.(2d) 915; Northwestern Pub. Serv. Co. v. Pfeifer (C. C. A. 8) 36 F.(2d) 5; Bailey v. Crump (C. C. A. 4) 41 F.(2d) 733; Morse v. United States, 270 U. S. 151, 154, 46 S. Ct. 241, 70 L. Ed. 518; Burnet v. Lexington Ice Co. (C. C. A. 4) 62 F.(2d) 906.

716

■ The petition alleges some formal defects in the decree which it is said "violates" General Equity Rule 71 (28 USCA § 723). In my opinion the point of the objection is both unsound and unsubstantial. In addition, the formal objection is too belated. On December 30, 1932, findings of fact and conclusions of law and an opinion were filed with the clerk and counsel notified, and given leave to present a decree in conformity with the opinion. A few days thereafter counsel for the plaintiff submitted the form of decree and on January 11, 1933, counsel for the defendant was notified by the court by letter and invited to submit objections, if any, to the form of the decree. No such objections being made, the decree was signed and entered January 17, 1933.

■ The next alleged error in the disposition of the case is that the court did not make specific findings as to certain particular facts, as alleged to be required by General Equity Rule 70½ (28 USCA § 723). The rule was complied with, as I understand it. Specific findings of facts and conclusions of law were filed on December 30, 1932, and counsel notified. No request for further findings was then or thereafter made by counsel for the defendant until the present petition was filed more than four months later and more than three months after the decree had been entered. Moreover, and more importantly, the findings made included all the ultimate facts in the case deemed material. This is what the rule requires. See Parker v. St. Sure (C. C. A. 9) 53 F.(2d) 706; Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; St. Paul F. & M. Ins. Co. v. Tire Clearing House (C. C. A. 8) 58 F.(2d) 610, 612; Automatic Arc Welding Co. v. Smith Corp. (C. C. A. 7) 60 F.(2d) 740, 742. If the defendant insists that other facts not specifically embraced in the findings of fact are material, they can be called to the attention of the Appellate Court in the event of an allowed appeal, to the extent they appear in the record.

■ The remainder of the elaborate petition for rehearing is a restatement of the contentions on the law and facts urged by defendant's counsel throughout the case both on the motion to dissolve the preliminary injunction and on final hearing. I find no substantial new contention as to either the law or facts of the case. Counsel on both sides were heard at length orally and their very full written briefs were carefully considered. In an extended opinion the effort was made to comprehensively consider the numerous contentions and I do not think I can add anything of value to the views therein expressed with an exception of a reference to a case decided by the Supreme Court on May 8, 1933, George Moore Ice Cream Co., Inc. v. J. T. Rose, Collector, 53 S. Ct. 620, 623, 77 L. Ed. ——, in which the court, speaking by Mr. Justice Cardozo, again states the law applicable to the underlying question in this case as follows: "This court has often held that a pledge of the public faith and credit will permit the seizure of property by right of eminent domain, though what is due for compensation must be ascertained thereafter. Sweet v. Rechel, 159 U. S. 380, 16 S. Ct. 43, 40 L. Ed. 188; Crozier v. Krupp, 224 U. S. 290, 32 S. Ct. 488, 56 L. Ed. 771; Joslin Co. v. Providence, 262 U. S. 668, 677, 43 S. Ct. 684, 67 L. Ed. 1167; Dohany v. Rogers, 281 U. S. 362, 366, 50 S. Ct. 299, 74 L. Ed. 904, 68 A. L. R. 434; Hurley v. Kincaid, 285 U. S. 95, 104, 105, 52 S. Ct. 267, 76 L. Ed. 637."

The petition for rehearing is, therefore, refused.