## McINTOSH v. UNITED STATES.

### GILLIAM et al. v. SAME.

### Nos. 3619, 3623.

Circuit Court of Appeals, Fourth Circuit.

April 7, 1934.

Rehearing Denied May 5, 1934.

508

See, also, 57 F.(2d) 573.

Raymond M. Hudson and H. Earlton Hanes, both of Washington, D. C., for appellant McIntosh.

H. Earlton Hanes, of Washington, D. C., for appellants Gilliam and Ellis.

Sterling Hutcheson, U. S. Atty., and Paul W. Kear, Sp. Asst. to U. S. Atty., both of Norfolk, Va.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

In these cases final decrees were entered in the court below on January 17, 1933, in accordance with opinion appearing in (D. C.) 2 F. Supp. 244. During the same term of court, but more than three months after the date of the final decrees, to wit, on May 16, 1933, petitions for rehearing were filed, which were denied on May 29, 1933. See U. S. v. McIntosh (D. C.) 3 F. Supp. 715. Petitions for appeal were filed in the office of the clerk of the District Court at Alexandria, Va., on August 24, 1933, and were forwarded by the clerk to the judge at Baltimore, who was absent from his office at the time, but allowed the appeals on September 18, 1933, upon his return. The cases are before us on motions to dismiss the appeals.

The motions must be allowed. Even if it be assumed that the filing with the clerk, followed by transmission of the papers by him to the judge's office, was a sufficient application for an appeal within three months of the order denying the petition for rehearing, it is settled that no appeal lies from that order, and we do not think that the petition for rehearing, filed more than three months after entry of final decree, had the effect of lifting the bar of the statute (28 USCA § 230) which had already fallen and had shut off the right of appeal. It is well settled, of course, that a petition for rehearing duly and seasonably filed suspends the running of the time for taking an appeal. Morse v. United States, 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518. But, to be seasonably filed for this purpose, it must be filed before the time has expired within which the right to appeal is given by act of Congress. After the time fixed by the statute has run, it is not a question of stopping its running, but of lifting the bar which has already fallen. We do not think that the right of the court to modify judgments within the term means that the limitation prescribed by Congress in an effort to minimize the evils of the law's delays may be evaded by the simple expedient of filing a petition for rehearing after the right of appeal has been lost by delay. A petition for rehearing filed within the term, but after the right of appeal has been barred by statute, will authorize the court to deal with the decree as it sees fit; but it will not restore the right of appeal therefrom which has been lost. See Conboy v. First Nat. Bank of Jersey City, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128. The exact question here presented was before the Circuit Court of Appeals of the Eighth Circuit in Chicago M. & St. P. R. Co. v. Leverentz, 19 F. (2d) 915; and we thoroughly agree with what was said in the opinion in that case. See, also, Northwestern Public Service Co. v. Pfeifer (C. C. A. 8th) 36 F.(2d) 5, and Stradford v. Wagner (C. C. A. 10th) 64 F. (2d) 749, which are directly in point.

Appeals dismissed.

On Petition for Rehearing.

PER CURIAM.

The petition for rehearing in these cases presents no point not already fully considered by the court. The leave to file motions on April 17th for an order remitting the transcript of record to the lower court for correction was conditioned upon the court's denial of the motions to dismiss. No correction of the record was asked as to any matter bearing upon the taking of the appeals; and the corrections asked were material only as bearing upon the merits if the court should retain jurisdiction. As the appeals were not taken in time, for the reasons stated in our former opinion, there is no occasion to entertain motions looking to the correction of the transcript of record. The petition for rehearing will be denied.

Rehearing denied.