HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM, }

---

## JOSIAH BIGELOW & CO. *v.* HENRY W. WALKER.

### *Factors.*

In absence of special directions as to price, a factor is to sell for the fair value or market price; and if the factor acts in utter disregard of his duty as factor by selling at an under price, he will be compelled to account for the goods at their fair value or market price.

When A. turned out or pledged goods to B. with an understanding that B. should dispose of them through the agency of a factor and credit A. the amount of sales, and B. committed the goods to a factor to be sold, and took his receipt for them, it was held that B. was the proper party to resort to the factor for the performance of his contract.

And it was also held, that whatever amount was rightfully due from the factor may be considered in the nature of a fund provided by A., to be applied in satisfaction of his indebtedness to B., and that B. was not at liberty wholly to disregard it, and claim the entire balance of his debt of A., as if no such means of satisfaction had ever been at B.'s command.

BOOK ACCOUNT.   Judgment to account was rendered in the county court, and an auditor appointed.   The facts reported by the auditor sufficiently appear in the opinion of the court.   The county court, August Adjourned Term, 1851,— PIERPOINT, J., presiding, — rendered judgment upon the report for plaintiffs. Exceptions by defendant.

*E. N. Briggs* for defendant.

The plaintiffs received the cloth and had it receipted to themselves, had it sold, but rendered no account of sales.

The auditor finds that the cloth was worth eighty-seven and a half cents per yard, and the defendant is only credited with about half that sum per yard.

*J. Prout* and *E. D. Barber* for plaintiffs.

The defendant's account in offset presented only a question of fact, whether the plaintiffs were not bound to produce the account of sales rendered by Bush & Wilds.   Their statement in writing would be no more admissible than their verbal statement, and was wholly immaterial, as the question was as to the amount received by the plaintiffs, on account of their sales.

The opinion of the court was delivered by

ROYCE, CH. J.   Several questions were presented by the auditor's report in this case which are now waived; and the only matter at present in controversy is a claim on the part of the defendant, to be allowed the amount of his charge for 204 yards of cloth, or a sum considerably larger, at least, than the amount credited by the plaintiffs for the proceeds of the same cloth.

The defendant insisted before the auditor, that the cloth was delivered to the plaintiffs upon a direct sale at its market value. But such a sale is negatived by the report; and the defendant's claim must depend upon the arrangement for effecting a sale of the property through the agency of Bush & Wilds.   The contract on that subject is neither fully nor distinctly stated in the report, and much is left to implication and inference from the facts detailed.   It is apparently of no importance that the commission-house of Bush & Wilds was selected or suggested by the defendant.   That circustance could not affect the measure of their ac-

countability, nor would it show with which of these parties they really contracted. Were a loss to be borne in consequence of their insolvency, the fact might then become important.

So far as the auditor attempts to describe the contract the substance of his finding is, that the plaintiffs were to account for the cloth, by crediting the defendant with the amount of sales to be received from Bush & Wilds, deducting their commission. But it might happen that, by making improper sales, or by misrepresenting the sales made, those persons would become justly answerable beyond the amount reported by them to the plaintiffs. In that event the plaintiffs would not realize as large a payment as they should receive, nor would the defendant get the proper equivalent for his goods. And if the plaintiffs should merely credit the defendant, in such a case, with the amount so reported and paid over, they would not account to him for the property in that true and just sense which the parties must have intended. Hence it is apparent, that the mode adopted for accounting, as between the plaintiffs and defendant, was based upon the assumption that the factors would fully and properly discharge their duties. And should they violate their duty, so that full justice could not be done to the defendant, by simply giving him credit in the manner contemplated, the question would then arise, which of these parties should resort to the factors for a further and more just accounting. We make no question but that the defendant, as general owner of the property, *might* in such case enforce a remedy of some kind against them; and yet, as the facts of this case appear, we think the plaintiffs would more properly be the parties to call them to account. They would certainly have all the power required for that purpose. For although we are not to understand that they became the owners of the cloth by purchase, they nevertheless acquired an interest in it, as the means from which to realize a speedy payment upon their debt. They received it substantially as a pledge, with the right of immediate sale. They committed it to the factors to be sold, taking their receipt for it. And as the plaintiffs did this in their own name, and with the defendant's assent, they became invested with the paramount right, as between themselves and the defendant, to require of the factors a full and just accounting. And we think it should be inferred that they were to exercise that right for the

benefit of themselves and the defendant, unless there was some express stipulation to dispense with active diligence on their part, or unless their debt should be otherwise satisfied. Perhaps they might also be excused by seasonable notice to the defendant of the account of sales furnished by Bush & Wilds, and an offer to relinquish in his favor all further claim against them. At present there is nothing in the case to repel the inference of this obligation on the. part of the plaintiffs. The only express contract of the factors which appears was with the plaintiffs; and the defendant had a right, for aught that the case discloses, to insist that a due performance of that contract should be required. We therefore conclude, that the plaintiffs have been, and still are, the proper parties to resort to the factors.

It only remains to enquire whether Bush & Wilds have sufficiently accounted. And it is manifest that they have not, if we take the value and selling price of such cloth to have been as found by the auditor. Those persons are nowhere spoken of as auctioneers, but only as commission merchants or factors. And, in the absence of special directions as to price, a factor is to sell for the fair value or market price. Smith's Com. Law 105, Paley on Ag. 26. The cloth in question is found to have been worth, when committed to. the factors for sale, eighty-seven and one-half cents per yard, as tested by the sales of cloth of like quality and description in the markets of Boston and New York. But the account of Bush & Wilds, as rendered to the plaintiffs, would represent the sale of this cloth at about one-half of that price. And hence the necessary inference would seem to be, that they acted in utter disregard of their duty as factors, by selling at such an under price, or that they rendered a false and fraudulent account of the actual sales. In either case, justice would require that they be compelled to make an additional compensation for the property. Now, whatever amount is rightfully due from them, may well be considered in the nature of a fund provided by the defendant, to be applied in satisfaction of his indebtedness to the plaintiffs. And as the plaintiffs appear to have always had the superior right to pursue that fund, we think they were not at liberty to wholly disregard it, and claim the entire balance of their debt, as if no such means of satisfaction had ever been at their command. The judgment of the county court is therefore re-

versed. And the cause will be recommitted to the auditor, to ascertain what further allowance, if any, should be made to the defendant.