JOHN McCOLLUM. PLAINTIFF IN ERROR, *v.* JENISON EAGER.

In the Circuit Court of the United States for Louisiana, where a party seeks relief which is mainly appropriate to a chancery jurisdiction, chancery practice must be followed.

A writ of error is not the appropriate mode of bringing up, for review, a decree in chancery. It should be brought up by an appeal.

An appeal will lie only from a final decree; and not from one dissolving an injunction, where the bill itself is not dismissed.

THIS case was brought up by a writ of error from the Circuit Court of the United States for the eastern district of Louisiana.

The case was this.

On the 27th of July, 1838, Charles Bishop executed the following promissory note:

*Donaldsonville, 27th July,* 1838.

In all the month of May next, 1839, I promise to pay H. Williams and A. F. Rightor or order, the sum of five thousand dollars, value received.

(Signed) CHARLES BISHOP.

Which note was endorsed to Eager, a citizen of Kentucky, by Williams and Rightor, waiving the necessity of a demand of payment on the maker and of protest for non-payment and also of notice to themselves as the endorsers, of the non-payment of the note.

On the 17th of August, 1838, John Hagan, senior, of New Orleans, conveyed to Williams and Bishop, six tracts of land for $50,000, payable in one, two, and three years, with interest, the notes for which were dated on the 1st of August, 1838, and endorsed by Rightor. It was made a condition of sale that, if any one of the notes should not be punctually paid, the whole of the lands should revert to Hagan.

On the 26th of February, 1839, Bishop sold out all his interest in the above purchase to Williams, Rightor, and Andrew McCollum.

On the 3d of August, 1839, the first note given by Williams and Bishop to Hagan, for $16,666 66 cents, was protested for non-payment.

On the 18th of November, 1839, Eager brought suit by filing a petition in the Circuit Court of the United States, against Williams and Rightor as endorsers upon Bishop's note.

F

McCollum .v. Eager.

On the 7th of January, 1840, judgment was entered in favour of Eager for the amount of the note, with interest from the 1st of June, 1839. In March, 1840, a fi. fa. was issued, and in April, levied upon one of the tracts of land above mentioned, together with some personal property.

. On the 16th of April, 1840, Hagan filed, in the second District Court of the state of Louisiana, a petition, in the nature of a bill to fore-close a mortgage, reciting that the first note of $16,666. 66 cents, given for the 'purchase of the six tracts of land, remained unpaid, and praying a sale of the whole of the tracts, to pay that and the other two notes of the same amount. A judgment in decree upon this petition was entered by consent, with a stay of execution until 1st of January, 1841.

On the 22d of August, 1840, the execution in favour of Eager, which had been lying over for want of bidders, was finally carried out by a peremptory sale of the property which had been levied upon, on a credit of twelve months; when John McCollum (the plaintiff in error) became the purchaser for the sum of $5442 41 cents, and gave his bond with five sureties for that amount to Jenison Eager.

On the 6th of January, 1841, the stay of execution upon Hagan's judgment or decree having expired, an execution was issued upon it, and Hagan repurchased the six tracts of land.

On the 24th of July, 1841, John McCollum gave a power of attorney to B. W. Lawes to act for him in every thing relating to the twelve months' bond which he had given to Eager.

On the 23d of August, 1841, execution was issued upon this bond against McCollum and his sureties; the writ directed the money to be made out of the personal estate, except slaves, but if sufficient personal estate, exclusive of slaves, could not be found in the district, then out of the real estate and slaves of McCollum and his sureties.

In September, 1841, Andrew McCollum, claiming to be the owner of an undivided third part of the property which had been sold by Bishop to Williams, Rightor, and himself, as above stated, filed a petition in the second District Court of Louisiana against John McCollum, averring that John was in possession of the whole of the property, and praying that he might be compelled to deliver up one-third of it and pay damages for its detention.

On the 20th of September, 1841, Rightor intervened in the said

suit, and claimed that the marshal's sale to John McCollum might be set aside for irregularity.

On the 22d of September, 1841, B. W. Lawes, in virtue of the power which had been given to him by John McCollum, filed a petition in the Circuit Court of the United States, in the nature of a bill in equity, stating that McCollum had given his bond for the property purchased at the marshal's sale; that an execution had been issued upon it; that the sale was null and void; that Hagan had evicted McCollum; that the formalities required by law were not observed by the marshal; that Rightor had intervened and sought to annul the sale; that the consideration of the bond had utterly failed, and praying for an injunction to stop the marshal from proceeding further upon it.

On the 1st of October, 1841, an injunction was issued in conformity with the prayer of the petition.

On the 14th of February, 1842, the Circuit Court, Judge McKinley being absent, decreed that the injunction should be dissolved with 20 per cent. damages, 10 per cent. interest, and $300 amount of fees of counsel employed by the plaintiff.

From this decision a writ of error was sued out and the case brought up, in this way, to this court.

*Coxe* moved to dismiss the case upon two grounds, viz.:

1. That the decree was not final, and
2. That the case was brought up in an improper manner.

Mr. Justice McLEAN delivered the opinion of the court.

This is a writ of error to the Circuit Court for the eastern district of Louisiana.

Under the mode of proceeding in Louisiana, a petition was filed by the defendant in error, in the Circuit Court, against Williams and Rightor, on a promissory note given by them for the payment of $5000 with interest, &c. And no answer being made, a judgment was entered, by default, against the defendants. An execution was issued, which was levied on a certain tract of land which, on being offered for sale by the marshal a second time, was purchased by John McCollum the plaintiff in error, on a credit of twelve months. For the payment of the purchase-money at the time stated, McCollum gave bond and security.

At the expiration of twelve months, under the law of Louisiana,

an execution was issued on the bond, which has the effect of a judgment. A levy was made on certain slaves, by the marshal, who returned that after giving notice of sale, all proceedings were stayed on the execution by injunction.

The injunction was obtained by the plaintiff in error on petition, representing that the title to the land purchased by him at marshal's sale, and for which the above bond was given, had failed; and that he had been evicted from the premises. That certain irregularities had taken place in the sale, &c. An injunction was prayed for, and that the bond might be decreed to be cancelled.

On the 14th of February, 1842, "the court ordered, adjudged, and decreed, that the injunction granted in this case be dissolved with 20 per cent. damages, 10 per cent. interest, and $300 amount of fees of counsel employed to be allowed as special damage, and for costs of this suit."

A motion is made to dismiss the writ of error, on the ground that it does not lie in the case.

The proceeding on the bond may have been authorized under the Louisiana practice, there being no distinction in the courts of that state between a proceeding at law and in chancery. But the relief sought against the bond is mainly appropriate to a chancery jurisdiction, where such a jurisdiction is established. This being the case, the proceeding at law, though conformable to Lo'siana practice in the state courts, was wholly irregular. In the federal courts, the jurisdictions of law and chancery, in Louis'ana and in all the other states, are distinctly maintained.

If this be viewed as a chancery proceeding, a writ of error does not lie, for a decree in chancery can only be removed to this court, from the Circuit Court, by an appeal. But an appeal will only lie from a final decree; and the decree in this case was not final, as the bill was not dismissed. The writ of error is dismissed.

ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the eastern district of Louisiana, and it appearing to the court that the case is removed here by a writ of error to an interlocutory order or decree in chancery. It is, therefore, now here ordered and adjudged by this court, that this writ of error be, and the same is hereby dismissed; and that this cause be, and the same is hereby remanded to the said Circuit Court, with directions to proceed therein according to law and justice.