## Burrows *v.* The Marshal.

No *appeal* lies to this court from the Circuit Court for the discharge of a rule on the marshal, to show cause why he should not make to one—asserting himself to be a purchaser on execution, under a judgment, at a marshal's sale—a deed for real estate sold; and for an order on the person asking the rule to pay the costs.

On motion to dismiss an appeal from the Circuit Court for the District of North Carolina.

The 22d section of the Judiciary Act of 1789,* after enacting that certain final decrees in District Courts may be re-examined, and reversed or affirmed, in Circuit Courts, "*upon writ of error*," enacts further:

"And *upon like process* may final judgments and decrees in civil actions and suits in equity in a Circuit Court, brought there by original process, &c., be re-examined, reversed or affirmed, in the Supreme Court, &c."

An amendment to this act, passed in 1803,† enacts:

"That from all final judgments or decrees rendered or to be rendered in any Circuit Court in any cases of *equity, admiralty, and maritime jurisdiction, and of prize or no prize,* an *appeal* . . . shall be allowed to the Supreme Court of the United States."

With these acts in force, an execution duly issued from the Circuit Court for the District of North Carolina on a judgment against one Taylor, and under it real estate owned by him was sold by the marshal, and the money paid into the marshal's office. Notwithstanding this the marshal advertised the same land for sale under other executions. Hereupon one Burrows, alleging that *he* had purchased and paid for the land, and had tendered the marshal a proper draft of a deed to him, obtained a rule on the marshal to show cause why he should not make such a deed, and why another sale under the other executions should not be stayed.

* 1 Stat. at Large, 84.          † 2 Id. 244.

The marshal set up by way of answer that Burrows was not the purchaser, but that one Meacham was; that the land had sold at an enormous sacrifice, the result of a fraudulent combination between Burrows, Meacham, and Taylor, to prevent competition in the bidding.

The court below having heard the case on its merits dismissed Burrows's petition, and ordered him to pay all the costs. From this, its action, he brought the case to this court by an *appeal*.

*Mr. S. F. Phillips, Solicitor-General, in support of the motion,* argued, that if the discharge of the rule below was in any true sense a "*final* judgment or decree," and such a judgment or decree as was within the supervisory jurisdiction of this court at all, it could only be so on writ of error. The proceeding in which Burrows made his motion below was at law, and the motion was a motion at law. Under the act of 1803, indeed, *appeals* were allowed in a special class of cases, but this case did not fall within that class.

*Messrs. W. A. Graham and H. W. Guion, contra.*

Mr. Justice CLIFFORD delivered the opinion of the court.

Two judgments, as the appellant represents, were rendered in the Circuit Court, at Raleigh, November Term, 1869, against one Taylor, in favor of the creditors therein named, for certain specified amounts, and that the same were placed in the hands of a deputy marshal for collection; that the marshal having levied the executions upon a certain described parcel of land, advertised the same for sale according to law, and that the petitioner became the purchaser thereof, being the highest bidder at the sale, for the sum of one hundred and ten dollars, which, as he alleges, he paid to the deputy marshal; that at the ensuing term of the court he applied to the marshal to execute to him as the purchaser a deed of the interest so purchased and paid for as aforesaid; that the marshal having refused to comply with the request, he then prepared and tendered to the marshal a

proper draft for a deed, and requested him to execute the same, which he refused and still refuses to do, and has given notice that he will sell the premises upon other executions in his hands. Wherefore the petitioner prayed the Circuit Court to lay a rule upon the appellee, as such marshal, to show cause at the next term of the court why he should not make to him as the purchaser a good and sufficient deed in fee simple of the described tract, and he also prayed for an order staying all further proceedings under the said other executions in his hands towards a resale of the premises which he purchased.

Subsequently the appellee appeared and filed an answer, and the record shows that the court, at the succeeding November Term, rendered judgment for the appellee, directing that the rule be discharged and that the petitioner pay all costs. Whereupon the petitioner appealed to this court.

Such a motion as the one first described and the rule granted under it were proceedings at law, and so also were the judgment and the order of the court directing that the petitioner should pay all costs, and the court is of the opinion that the judgment could not be removed into this court in any other way than by a writ of error; that an appeal will not lie to this court in such a case under the twenty-second section of the Judiciary Act, and that the appeal must be

DISMISSED FOR WANT OF JURISDICTION.