UNITED STATES *v.* HAILEY, Administrator.

FROM THE SUPREME COURT OF THE TERRITORY OF IDAHO.

Submitted April 7, 1886.—Decided May 10, 1886.

The proper way to bring up for review a cause tried before a jury in a Territory is by writ of error.

This court has no jurisdiction over a case brought from the Supreme Court of a Territory without a writ of error, appeal, or citation, or appearance by defendant or respondent.

This was an action against a bondsman of a defaulting paymaster.   After commencement of the suit defendant died, and his administrator was substituted.   The case was tried before a jury, which, under direction of the court, found a verdict for defendant.   The United States appealed to the Supreme

Court of the Territory, having duly excepted to the ruling of the court. The following are the entire contents of the record relating to the proceedings in the Supreme Court :

. "At the September term of the said Supreme Court of Idaho T'y, on the seventh day of Sept., A.D. 1882, being a day of said Supreme Court. Present, H. E. Prickett and J. T. Morgan, a quorum of said Supreme Court, and the United States as appellant, by W. R. White, U. S. att'y, and the defendant and respondent by Messrs. Richard Z. Johnson and Houston & Gray, his counsel and att'ys of record ; the said appealed case was argued before said Supreme Court by W. R. White, U. S. att'y for Idaho T'y, on the part of the appellant, and R. Z. Johnson, att'y for the respondent.

"On the 13th day of Sept., 1882, being a day of said court, the judgment of the court below was affirmed, on the ground that sec. 140 of the Probate Practice Act of the Revised Laws of Idaho T'y, 1874–'5, required that a claim in suit against a defendant who dies while such suit is pending shall be presented to such adm'r, for his allowance or rejection, and that no recovery shall be had in the action unless proof be made of the presentations required by law.

"This statute the court held was binding on claims in favor of the United States, in the same manner as the claims of other parties.

"To which decision and judgment the United States, by their att'y, W. R. White, in open court duly excepted, and that the ruling of said court and other proceedings connected therewith may appear on record, this bill of exceptions is hereby settled, and allowed according to law by the said Supreme Court, this nineteenth day of Sept., 1882.

(S.)　　　　　　　　　　　JOHN T. MORGAN,
　　　　　　　　　　*Chief Justice of the Supreme Court,*
"(Endorsed :)　　　　　　　　　　*Idaho Territory.*

"Service of the within draft of bill of exceptions acknowledged, and we have no amendments to offer.

　　　　　　　　　　HUSTON & GRAY, and
　　　　　　　　　　RICHARD Z. JOHNSON,
　　　　　　　　　　　　*Att'y for def't.*"

" In the Supreme of Idaho T'y, Sept. term, 1882. United States, pl. &. ap., vs. John Hailey, adm'r, defendant and respondent. Exceptions to decision of Supreme Court, Idaho T'y. Filed Dec. 16th, 1882. A. L. Richardson, clerk."

*Mr. Solicitor General* for appellant.

No appearance for appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

This case has been docketed here as an appeal from the Supreme Court of the Territory of Idaho, but, on looking into the transcript, we find that the suit was at law and the trial by a jury. Under such circumstances the only proper way of bringing it here for review would have been by writ of error. *Stringfellow* v. *Cain,* 99 U. S. 610 ; *United States* v. *Railroad Co.* 105 U. S. 263 ; *Hecht* v. *Boughton,* 105 U. S. 235 ; *Woolf* v. *Hamilton,* 108 U. S. 15. In point of fact, however, there has been neither a writ of error, nor an appeal, nor a citation, nor an appearance by the defendant or respondent. It is clear, therefore, we have no jurisdiction, and the case is

*Dismissed.*