SESSIONS v. GOULD et al.

(Circuit Court of Appeals, Second Circuit.   October 16, 1894.)

PATENTS—INFRINGEMENT—TRUNK FASTENERS.

The Taylor patent, No. 203,860, for trunk fasteners, construed as to the second claim, which is *held* to be valid, and to have been infringed by defendants.   Sessions v. Gould, 49 Fed. 855, 60 Fed. 753, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Before BROWN, Circuit Justice, and WALLACE and SHIPMAN, Circuit Judges.

SESSIONS v. GOULD et al.

(Circuit Court of Appeals, Second Circuit.   October 16, 1894.)

APPEAL—JUDGMENT IN CONTEMPT PROCEEDINGS.

An appeal from an order compelling defendants to pay a fine made upon motion to have defendants punished for contempt for violating an interlocutory injunction must be dismissed; for, if the order is to be treated as part of what was done in the original suit, it is interlocutory, and can only be corrected upon an appeal from the final decree, or, if such order is to be treated as an independent proceeding, it is, in effect, a judgment in a criminal case, reviewable only upon writ of error.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a bill by John H. Sessions against William B. Gould and others for infringement of letters patent. A preliminary injunction was obtained (49 Fed. 855), and, on motion to have defendants punished for contempt for violating the same, defendants were ordered to pay a fine of $500. From such order defendants appealed to this court.

Arthur v. Briesen, for appellants.

Charles E. Mitchell (John P. Bartlett, of counsel), for appellee.

Before BROWN, Circuit Justice, and WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The complainants in an equity suit in the circuit court to restrain an infringement of a patent obtained an interlocutory injunction, and subsequently, insisting that the defendants had violated the injunction, proceeded by a motion in the cause to have the defendants punished for contempt. The circuit court, after hearing the parties, made an order, entitled in the cause, that the defendants pay a fine of $500. The defendants, by an appeal from that order, seek to review and reverse it, upon the ground that the court erred in finding them guilty of disobeying the injunction.

If the order complained of is to be treated as part of what was done in the original suit, it is interlocutory in the cause, and can only be corrected in this court upon an appeal from the final decree. Hayes v. Fischer, 102 U. S. 121; Worden v. Searls, 121 U. S. 14, 7 Sup. Ct. 814. If the order is to be treated as an independent proceeding, it is, in effect, a judgment in a criminal case. New Orleans v. New York Mail S. S. Co., 20 Wall. 387; Ex parte Kearney, 7 Wheat. 39. While there is no doubt of the jurisdiction of this court, under section 6 of the act to establish circuit courts of appeals (26 Stat. 826), to review a criminal judgment, not a conviction of a capital or otherwise infamous crime, it can only do so upon a writ of error. A judgment in a common-law proceeding is not removed by an appeal, and a bill of exceptions is necessary to procure a review on a writ of error of any errors which do not appear on the face of the record. Saltmarsh v. Tuthill, 12 How. 387; Kearney v. Denn, 15 Wall. 51; Knapp v. Railroad Co., 20 Wall. 117; Kerr v. Clampitt, 95 U. S. 188. As there is no writ of error or bill of exceptions in the record, we are not called upon to decide whether the order is a criminal judgment.

We are without jurisdiction to entertain the appeal, and it must accordingly be dismissed.