## MUHLENBERG COUNTY v. DYER et al.

(Circuit Court of Appeals, Sixth Circuit. February 5, 1895.)

### No. 261.

MANDAMUS—MODE OF REVIEW.
    An application for a writ of mandamus, being a proceeding at common law, can be reviewed in the circuit court of appeals only by writ of error, not by appeal.

Appeal from the Circuit Court of the United States for the District of Kentucky.

E. Dudley Walker, for appellants.
Azro Dyer, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. This is an appeal from a judgment of the circuit court of the United States for the district of Kentucky, awarding a peremptory writ of mandamus. The writ ran against D. J. Fleming and others, members of the funding board of Muhlenberg county, and required them to make and enter an order on their records directing Louis Reno, treasurer of Muhlenberg county, to

pay $9,970.48, the amount admitted by him to be in his hands, less $1,000 for expenses, to the relators below, Dyer and Gillett, as a credit upon the amount due to them on a judgment recovered by them in the same court against Muhlenberg county on certain bonds issued by the county, and held and owned by them. A motion is now made to dismiss the appeal on the ground that this court does not acquire jurisdiction to review a judgment of the circuit court, in mandamus, by appeal.

Section 11 of the act establishing this court provides "that all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the method and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals." The same rules which govern the supreme court, therefore, in taking jurisdiction of an appeal or writ of error, obtain in this court. In Ward v. Gregory, 7 Pet. 633, it was sought, in the supreme court, to review a decision of the court of appeals for the territory of Florida, in mandamus, by appeal. "The court ordered the appeal to be dismissed, the proceedings by mandamus being at common law, and therefore the cases should have been brought up by writs of error." The same rule is laid down in Insurance Co. v. Wheelwright, 7 Wheat. 534, and in U. S. v. Addison, 22 How. 174–185. It is well settled that cases at law can be brought to the supreme court, and therefore to this court, only by writ of error. Sarchet v. U. S., 12 Pet. 143; Bevins v. Ramsey, 11 How. 185; Burrows v. The Marshall, 15 Wall. 682; Stringfellow v. Cain, 99 U. S. 610; U. S. v. Union Pac. R. Co., 105 U. S. 263; Hecht v. Boughton, Id. 235; Woolf v. Hamilton, 108 U. S. 15, 1 Sup. Ct. 139; U. S. v. Hailey, 118 U. S. 233, 6 Sup. Ct. 1049. On the other hand, cases in equity must come here by appeal. Walker v. Dreville, 12 Wall. 440; McCollum v. Eager, 2 How. 61; Hayes v. Fischer, 102 U. S. 121; Blease v. Garlington, 92 U. S. 1. In this case the record shows that the defendants below prayed an appeal, and that the same was allowed by the court, and that a citation issued to the plaintiffs below to appear at a session of this court, pursuant to such appeal, and to show cause, if any there be, why the decree rendered, in the said appeal mentioned, should not be corrected. It is true that the supersedeas bond which was given recites that the defendants below have presented a writ of error to the United States circuit court of appeals for the Sixth circuit to reverse the judgment rendered in the suit, and the condition of the bond is that the defendants shall prosecute their said writ of error to effect, and answer all damages and costs; but the wording of the bond cannot supply the absence of a writ of error, which, under the law, issues out of this court either by the clerk of this court or by the clerk of the circuit court. All the proceedings taken were expressly for an appeal, and give this court no jurisdiction to consider the cause, for the reasons above stated. The appeal is therefore dismissed, at the costs of the appellants.