UNITED STATES v. DIAMOND MATCH CO.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1902.)

No. 1,009.

1. CUSTOMS DUTIES—DECISIONS OF CIRCUIT COURT—MODE OF REVIEW.

Act June 10, 1890, relating to revenue, provides in section 15 for an appeal from the decision of the board of general appraisers to the circuit court, and declares that the latter's decision shall be final, "unless such court shall be of the opinion that the question involved is of sufficient importance as to require a review by the supreme court of the United States, in which case said circuit court * * * may * * * allow an appeal to said supreme court." Act March 3, 1891, creating the circuit court of appeals, transfers to the latter court jurisdiction of the appeals to the supreme court allowed by section 15. Held, that

the mode of review remains the same, and the proceedings in the circuit court cannot be reviewed by writ of error.

**2. SAME—APPEAL—WRIT OF ERROR—DISTINCTIONS BETWEEN.**
  A writ of error only brings up errors of law, while on an appeal the facts also are open to inquiry.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

James V. D. Wilcox, for plaintiff in error.
Harrison Geer, for the United States.

Before SEVERENS, Circuit Judge, and WANTY and COCHRAN, District Judges.

SEVERENS, Circuit Judge.   This is a writ of error upon an order of the circuit court reversing the decision of the board of United States general appraisers affirming the decision of the collector of customs at Detroit, fixing the rate and amount of duties chargeable on certain merchandise upon the basis of the original invoice, notwithstanding the importer's protest that a clerical mistake had occurred in making out the invoice in the character of the merchandise, whereby the goods had been valued in the invoice at a sum much larger than their actual value.   From the record it appears that the circuit court was of the opinion that, upon the evidence reported by the board, the collector ought to have allowed the importer's protest, upon the ground that the facts were as therein represented.   The district attorney thereupon sued out this writ of error in behalf of the United States, upon an allowance thereof by the presiding judge of the circuit court.   It is manifest, however, that we cannot review the proceedings in the circuit court upon a writ of error.   The statute providing for such review expressly prescribes that it shall be had upon an appeal.   Section 15 of the act of June 10, 1890, declares that the decision of the circuit "court shall be final * * * unless such court shall be of opinion that the question involved is of such importance as to require a review of such decision by the supreme court of the United States, in which case said circuit court, or the judge making the decision, may, within thirty days thereafter, allow an appeal to said supreme court."   By the act of 1891 creating the courts of appeals, the appellate jurisdiction of such appeals as are provided for by the sixteenth section of the customs act above referred to is transferred from the supreme court to the circuit courts of appeals. It was so held by this court in Warehouse Co. v. Collector of Customs, 1 C. C. A. 371, 49 Fed. 561, 6 U. S. App. 53.   But the method and system of review remain unaltered.   Section 7 of the act creating the court of appeals.   The provision for review in such cases is special, and no authority is given to review the decision of the circuit court, except in the mode prescribed.   The distinction between a writ of error and an appeal is important.   Upon a writ of error only errors of law can be assigned or considered by the court.   Upon an appeal the facts, also, are open to inquiry, and their determination may control the action of the appellate court.   In Muhlenberg Co. v. Dyer, 13 C. C. A. 64, 65 Fed. 634, 31 U. S. App. 109, it was held by this

court (what, indeed, is elementary) that these remedies are fundamentally distinct, and that their use must conform to the nature of the case, and the law regulating the exercise of appellate jurisdiction. And in that case the appeal was dismissed, a writ of error being the only appropriate remedy. In the particular case before us, it seems to have been assumed by the circuit court that it had authority to review the finding of the board of appraisers in respect to the dutiable value of the goods. There are grounds for thinking that the court may have been in error in this, and that the power of the court was limited to the classification and the rate of duty chargeable upon the goods. But if there was a mistake in this respect, we are without authority to correct it. The case having been brought to us in this way, we are not justified in reviewing it for any purpose.

These considerations require that the writ of error in this case should be dismissed, and it is ordered accordingly.