### JABINE et al. v. OATES et al.

(Circuit Court, W. D. Kentucky. May 24, 1902.)

APPEAL BOND—VALIDITY—APPEAL TAKEN IN ACTION AT LAW.

An appeal will not lie from a judgment of a federal court awarding a writ of mandamus, which is at law; and where such an appeal was prayed for, and inadvertently allowed, a bond given thereon was a nullity, and did not operate as a supersedeas, nor was it based upon any consideration which could bind the parties thereto, either as a statutory or a common-law obligation.[1]

At Law. On demurrer to answer.

D. M. Rodman, for plaintiffs.

Wm. H. Yost and Willis L. Reeves, for defendants.

EVANS, District Judge. Several years ago the two plaintiffs each brought an action at law against the county of Muhlenberg to recover the amounts due on certain interest coupons attached to bonds issued by that county. Judgments having been rendered for the amounts claimed, the plaintiffs, in ancillary proceedings which were consolidated, procured the issuance of a writ of mandamus requiring the county court of Muhlenberg county to levy a tax sufficient to pay the sums due. In the course of this consolidated proceeding the judgment was rendered which is described in the bond presently to follow. From this last judgment an appeal was prayed and granted to the circuit court of appeals, and Muhlenberg county executed an appeal bond in the following words:

"Whereas, the appellants, Muhlenberg county and the Muhlenberg county court, have taken an appeal from a judgment of the United States circuit court for the Sixth circuit, and district of Kentucky, Owensboro division, rendered at its January term, 1897, against them, in which judgment the county judge of said county was ordered and directed to forfeit the office of and remove the present sheriff of Muhlenberg county from his office, and further, after such removal, to appoint a collector to collect the tax heretofore levied in the above cases by the county court, and to appoint as such collector any citizen or resident of the state of Kentucky, whether he is a resident of the appellant county or not; whereas, the above-named appellants have prosecuted an appeal to the United States circuit court of appeals for the Sixth circuit to reverse the judgment above described: Now, we, Muhlenberg county as principal, and P. S. Phillips [and others, naming them] as sureties, covenant to and with the appellees, John N. Jabine and Eva Murray, in the above-named consolidated cases, that the appellants will pay to the appellees all costs and damages that may be adjudged against the appellants on the appeal, and that they will satisfy and perform the judgment in case it shall be affirmed, by removing the said sheriff, and by appointing the collector as required in said judgment: Now, therefore, the consideration of this obligation is such that if the above-named appellants shall prosecute their said appeal to effect, and answer all damages and costs if they shall

---

[1] See Mandamus, vol. 33, Cent. Dig. § 428.

fail to make good their plea, then this obligation shall be void; otherwise the same shall be and remain in full force and virtue. Sealed with our seals and dated this 17th day of March, A. D. 1897."

Certain of the defendants signed the bond, and they are sued thereon in this action for a sum in damages equivalent to the full amount of the judgments at law, though what stipulation in the bond would support that claim in its entirety is not at all clear. To the petition of the plaintiffs the defendants have answered, pointing out that the judgment attempted to be superseded by the bond above set forth was rendered in a proceeding at law, and that no appeal could be granted therefrom, and insisting that the appeal itself and the bond given for its prosecution were alike void. The answer also claims that the appeal was in fact abandoned, and was never taken to nor decided by the circuit court of appeals, and, further, that a writ of error was sued out, and, upon the case being heard thereon by the circuit court of appeals, the judgment described in the bond was affirmed. It is averred in the answer that no other bond was given except the one above set forth, and that it had reference altogether to the appeal, and none to the writ of error. The plaintiffs have demurred to the answer, and, assuming that the averments of the answer are true, it seems to the court that the legal effect of the showing made is that the appeal bond sued on, as well as the appeal itself, were misconceived and ineffectual, and could not and did not of themselves operate to supersede the judgment at law described in the bond, and, furthermore, that they did not and could not bring the case before the circuit court of appeals, nor give it jurisdiction to review the judgment. In Saltmarsh v. Tuthill, 12 How. 389, 13 L. Ed. 1034, it was said by Chief Justice Taney, in delivering the opinion of the court, "The judgment in this case being in a common-law proceeding, it was not removed to this court by the appeal, and consequently the appeal bond did not operate as a supersedeas." The difference between an appeal, which can be taken only in equity and admiralty causes, and a writ of error, which alone must be taken to review judgments in actions at law, is so well marked and so clearly defined in the federal practice that it need not be enlarged upon. Muhlenberg Co. v. Dyer, 13 C. C. A. 64, 65 Fed. 634. The fact that the word "appeal" is applicable to all forms of action in our state practice is not, and cannot be, material in the federal practice, which, as to the manner of reviewing the judgments of inferior federal courts, is regulated entirely by federal laws. In this instance an appeal appears to have been prayed and inadvertently granted by the court rendering the judgment, and a bond thereupon appears to have been executed, which some of the parties supposed would operate as a supersedeas of the judgment at law. This erroneous supposition, however, cannot change the legal aspects of the case, nor make a supersedeas out of what the law makes an idle and vain thing. There cannot be an appeal from a judgment in an action at law in the federal practice, and, if there cannot be an appeal from such a judgment, then a bond to prosecute to effect an appeal in such a case cannot have any validity; nor can such a bond be based upon any consideration which would make it binding upon the parties thereto. Such a bond is in-

effectual to operate as a supersedeas, and did not and could not so operate in this case as to have prevented the taking of any steps nor the issuance of any process or writ available to the plaintiffs after the rendition of the judgment. That there is no consideration to uphold such a bond under such circumstances may be a very essential point of view from which to look at the case, and especially as it seems to be fair to infer from the answer that the appeal bond in this instance was given before the writ of error was allowed or issued, and was in no sense a consideration or condition upon which that writ was allowed. Indeed, the bond to prosecute with effect the inapplicable and impossible remedy of an appeal seems to have no legal bearing upon the remedy actually, and possibly upon fuller advice, afterwards pursued, of having the judgment reviewed by a writ of error, which was the appropriate proceeding. It is averred in the answer that the appeal was actually abandoned and was never prosecuted. If this be so, the case might possibly be stronger, though, as that remedy did not lie at all, it probably could not be abandoned. An appeal was never available. It was never a legal possibility. It could not be pursued. But a writ of error—the appropriate remedy—was pursued, though without any bond having been given to operate as a supersedeas under the statutes of the United States. That a mandamus is not an equitable proceeding, but is only a writ for the enforcement of judgments at law,—in short, that it is only a proceeding ancillary to the action at law,—is so clear that no authority need be cited, except that of Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743. The case of Babbitt v. Finn, 101 U. S. 7, 25 L. Ed. 820, cited by counsel for plaintiffs, is manifestly not applicable to any question involved here. In that case, under the bankruptcy law, there were two writs of error sued out. One carried the case from the district court to the circuit court. A bond which operated as a supersedeas was given when the first writ of error was allowed. The circuit court affirmed the judgment, and another writ of error, which carried the case to the supreme court of the United States, was sued out. A second bond was then given for the prosecution of that writ of error. There was no appeal in either case, and all that the supreme court decided was that the sureties on the first bond were liable thereon upon the final affirmance by the supreme court of the judgment at law rendered by the district court. It is true that sometimes judges, in their opinions, speak rather loosely of appeals, using that word in its more general and generic sense; but the authorities, when we view the actual decisions of the courts, leave no doubt, as it appears to me, upon the only question involved in the demurrer.

It is insisted for the plaintiffs that the bond sued upon is at least good as a common-law obligation, and will therefore support the action. Even if this might, in some general sense, be true, and even if what has been said is not maintainable, still the answer shows that the bond was so given as not to be founded upon any consideration sufficient at common law to support it as a binding obligation, inasmuch as it is apparent, if the answer be true, that no good to the obligors, in the way of staying the judgment, and no loss or prejudice to

the obligees in the same way, could, as a matter of law, be possible by reason of its stipulations. But the claim that the bond might be operative at least as a statutory bond is probably sufficiently answered by what was said by Mr. Chief Justice Waite, in delivering the opinion of the court, in Sage v. Railroad Co., 93 U. S. 417, 23 L. Ed. 933, as follows: "A supersedeas is a statutory remedy. It is only obtained by a strict compliance with all the required conditions, none of which can be dispensed with." The bond sued on was based entirely upon an illusory, and in that case impossible, thing, called an "appeal," which was a nullity, and consequently could support no stipulation whatever. Indeed, the bond at once became a mere waif in the case, and could not have prevented any action the plaintiffs might have chosen to take, and the then learned judge of this court would doubtless have promptly so held if his attention had been called to it. If, when the writ of error was sued out, a proper bond had been thereupon given, based upon that writ, and if it had been sued upon, a different case would be presented,—especially if the plaintiffs' petition had shown that the writ of error was lodged in the clerk's office in time to operate, under the statute, as a supersedeas. Kitchen v. Randolph, 93 U. S. 87, 23 L. Ed. 810; Foster v. Kansas, 112 U. S. 204, 5 Sup. Ct. 897, 28 L. Ed. 629. One, possibly, of the plaintiffs, and certainly all of the defendants, are citizens of Kentucky; and if the bond sued on is, as plaintiffs contend, a mere common-law obligation, and not a statutory bond, then the question of jurisdiction may depend on the diverse citizenship of the parties, and be a most important one for consideration.

Some stress is laid upon the fact that the attorney who executed the bond under a power had been authorized thereby to sign the names of the sureties to a supersedeas bond, but whatever power he may have had is quite immaterial, as we are to consider only what bond was in fact executed. Its express stipulations must now be looked to, and the question of what they might have been under the power of attorney cannot concern us.

The answer of the defendants presents a good defense, and the demurrer thereto must be, and is, overruled.