### VILLAGE OF MACKINAW CITY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 15, 1903.)

#### No. 1,127.

**1. JURISDICTION OF CIRCUIT COURT OF APPEALS—MODE OF REVIEW—CONDEM-NATION PROCEEDINGS.**

A proceeding in a circuit court by the United States to condemn land for public purposes is a suit at common law, within the meaning of the judiciary act, and the judgment therein can only be reviewed by the Circuit Court of Appeals on a writ of error.

Appeal from the Circuit Court of the United States for the Northern: Division of the Eastern District of Michigan.

Upon the suggestion of the Secretary of the Treasury that certain parcels of land in the village of Mackinaw City were required for lighthouse purposes, the Attorney General, through the District Attorney for the Eastern District of Michigan, instituted these proceedings in the District Court for that district to acquire the title for the United States. The lands appear to have belonged to the village. In response to the petition and the order of the court, the village appeared, and three commissioners were appointed in conformity with the statutes of the state providing for such proceedings to determine the necessity for taking the lands, and the compensation to be al-

¶ 1. Jurisdiction of Circuit Court of Appeals, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co.. v. Gallegos, 32 C. C. A. 475.

lowed therefor. The commissioners reported that the taking of the lands was necessary, and that they were of the value of $400, and further reported that by the taking of the premises, and maintaining a fog horn thereon, other property—a park belonging to the village—would be damaged to the amount of $1,500. Upon an exception of the district attorney, the item of $1,500 was disallowed by the court, but the report was in other respects confirmed. Thereupon judgment was entered for the condemnation of the land first mentioned, upon payment of the said sum of $400. The village, because of the disallowance of the $1,500 as damages, prayed an appeal to this court, which was allowed. Upon the case being called for hearing, counsel for the appellee raised the point that an appeal was not a proper remedy, and that this court was without jurisdiction in the case. The court, being of that view, granted a motion to dismiss the appeal.

Theodore F. Shepard, for appellant.

Wm. D. Gordon, U. S. Atty., and James V. D. Wilcox, Asst. U. S. Atty.

Before SEVERENS, Circuit Judge, and THOMPSON and WANTY, District Judges.

SEVERENS, Circuit Judge, having made the foregoing statement, delivered the opinion of the court.

It is a familiar rule that the appellate jurisdiction of the Circuit Courts of Appeals of the United States must be exercised upon an appeal or writ of error according to the nature of the proceeding in the court below; that is to say, whether it was a proceeding in equity or at the common law, or was essentially of the one or the other character. This court has on several occasions been required to apply this rule, and has been compelled to decline jurisdiction because of the mistake of counsel in the adoption of the wrong remedy—a writ of error in a suit in equity, or an appeal in a proceeding at the common law. Among such cases, see Muhlenberg Co. v. Dyer, 13 C. C. A. 64, 65 Fed. 634; U. S. v. Diamond Match Co. (C. C. A.) 115 Fed. 288. Now, while a proceeding to condemn land for a public use is somewhat anomalous, it is clear that it in no sense partakes of the qualities of equitable jurisdiction; nor does it rest upon any ground peculiar thereto. It happens that the first case in which the authority of the United States to condemn land for public uses was vindicated by the Supreme Court was Kohl v. U. S., 91 U. S. 367, 23 L. Ed. 449, which was a proceeding to condemn the land whereon stands the building in which this court is now holding its sessions. The case came into the Supreme Court by writ of error, and the proceedings in the court below were sustained upon the ground that they constituted a suit at common law, within the meaning of the judiciary act of 1789. It is true, no question was raised in that case in respect to the method of obtaining a review in the appellate court, but the ground on which the jurisdiction of the court below was sustained clearly implies that a writ of error is the only remedy for review. The case of Luxton v. North River Bridge Co., 147 U. S. 337, 13 Sup. Ct. 356, 37 L. Ed. 194. confirms this view. That case went up on writ of error. The writ was dismissed, not because it was not the proper remedy, but because it was prematurely sued out—the judgment below not being final. In High Bridge Lumber Co. v. U. S., 16 C. C. A. 460, 69 Fed. 320, a case brought into this court by writ of error to the

District Court for the district of Kentucky, Judge Lurton, in delivering the opinion of the court, explained that the right of eminent domain is a common-law right, and the remedy for its enforcement is a common-law action.

We are clearly of opinion that we cannot review the proceedings of the District Court on this appeal. The appeal is accordingly dismissed.