BOARD OF COUNCILMEN OF CITY OF FRANKFORT v. DEPOSIT BANK OF FRANKFORT.

(Circuit Court of Appeals, Sixth Circuit. February 18, 1904.)

No. 1,239.

1. INJUNCTION—VIOLATION—LEGAL PROCEEDING—REVIEW—APPEAL.

A proceeding against municipal officers for violating an injunction restraining them from taxing assets of a bank is a legal proceeding in the nature of a prosecution for an offense, and is therefore not reviewable by appeal.

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

T. Hiter Crockett, City Atty. (Ira Julian, of counsel), for appellant.
D. W. Lindsey and Frank Chinn, for appellee.

Before SEVERENS and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. In a suit in equity brought in the Circuit Court of the United States for the district of Kentucky by the Deposit Bank of Frankfort against the board of councilmen of the city

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 15.

of Frankfort and the auditor, treasurer, and secretary of state of the state of Kentucky for the purpose of enjoining and restraining the defendants therein from valuing for assessment the property and franchises of the bank, and from levying and collecting certain taxes thereon, for the years 1894, 1895, 1896, 1897, and 1898 and subsequent years against the bank, that court, by its decree on June 25, 1892, awarded an injunction substantially in the terms above stated. Upon an appeal to the Supreme Court of the United States, the decree was affirmed.

On September 6, 1902, while the injunction was still in force, the board of councilmen of the city of Frankfort, by its attorneys, Julian & Crockett, filed a petition in the circuit court of Fayette county praying for a writ of mandamus commanding the auditor, treasurer, and secretary of state, composing the state board of valuation and assessment of the state of Kentucky, to certify to the clerk of Fayette county an assessment made by the board on the franchises of the bank for the purpose of taxing the bank thereon in favor of the city for the years 1895, 1896, 1897, 1898, and 1899. Notice thereof was served on Nicol, the cashier of the bank, and Chinn, its attorney. Thereupon Nicol and Chinn filed in the Circuit Court of the United States, which rendered the decree above mentioned, their joint affidavit, with exhibits setting forth the proceedings in that cause, including the decree and the institution of the said suit in the Fayette circuit court, stating the names of the councilmen and the attorneys who had appeared for the petitioners in that proceeding, and praying for an attachment and the punishment of the parties named for their contempt of the injunction of the United States court in proceeding in the state court for the enforcement of the collection of taxes in respect of which they had been enjoined. A writ of attachment was served, and the respondents were heard. They were adjudged guilty by the court, and were fined in the sum of $100. The respondents have appealed to this court.

A motion to dismiss the appeal for want of jurisdiction was made by the appellee, and was heard at the hearing on the merits. It should first receive attention. It is contended, first, that an appeal is not the appropriate proceeding on which to obtain a review of the order complained of, if it is reviewable at all; and, second, that the order is not subject to review in an appellate court. We think that for the reason first stated the motion should prevail. Proceedings for contempt are of two characters. One is for the punishment of the alleged contempt, as an offense, by fine and imprisonment, one or both, and in either case the expiation is to the public as for a criminal offense. The other is in the nature of a proceeding for the enforcement of some duty imposed upon the respondent, and is essentially a remedy for coercing him to do the thing required. The present proceeding belongs to the former class, and it is well settled that it partakes of the quality of a prosecution for an offense, and is a legal proceeding. New Orleans v. Steamship Company, 20 Wall. 387, 22 L. Ed. 354; Ex parte Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782; Tinsley v. Anderson, 171 U. S. 105, 18 Sup. Ct. 805, 43 L. Ed. 91; Sessions v. Gould, 11 C. C. A. 550, 63 Fed. 1001.

It is true it is founded on the decree of a court of equity, but it is a new and distinct proceeding, and is quite independent of the equities

of the case on which the decree is founded. No equitable considerations are involved in such a proceeding, and therefore an appeal is not an appropriate remedy for obtaining a review. We have to reiterate, what we have several times declared, that an appeal is not appropriate to a common-law proceeding nor a writ of error to an equitable one. Muhlenberg Co. v. Dyer, 13 C. C. A. 64, 65 Fed. 634; United States v. Diamond Match Co., 53 C. C. A. 90, 115 Fed. 288; Village of Mackinaw City v. United States, 56 C. C. A. 88, 120 Fed. 252; and see, also, Sessions v. Gould, supra.

Whether a writ of error to this court will lie in such a case as this, under the provisions of section 6 of the act of March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549], creating the Circuit Courts of Appeals, is a question which has been considered by other courts, but it is a question not now presented, and therefore not decided.

For the reason that an appeal is not a proper remedy for obtaining a review of the order complained of, the appeal herein is dismissed.