KERR v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   November 7, 1907.)

No. 1,379.

1. COURTS—CIRCUIT COURTS OF APPEALS—MODE OF REVIEW—FORFEITED RECOGNIZANCE—CERTIORARI.

A judgment at law in a federal court on scire facias on a forfeited recognizance is reviewable by the Circuit Court of Appeals, alike with the Supreme Court, only on a writ of error, and not by appeal.

2. SAME—AMENDMENT.

Where a judgment on a scire facias on forfeited recognizance was sought to be reviewed on appeal, instead of a writ of error, the objection could not be waived by appearance, nor cured by amendment, under Rev. St. § 1005 [U. S. Comp. St. 1901, p. 714], authorizing amendment of a writ of error to cure certain objections therein.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

William J. Lacy and Seward S. Shirer, for appellant.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM.   In this appeal review is sought of a judgment entered at law upon scire facias on a forfeited recognizance, with no writ of error issued.   The doctrine is well settled that the Circuit Court of Appeals, alike with the Supreme Court, can review such proceedings at law only when brought by writ of error, and that no jurisdiction to that end arises through an appeal.   See opinion of this court, in Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379, reviewing the authorities; also Muhlenberg County v. Dyer, 65 Fed. 634, 13 C. C. A. 64.   The objection, therefore, cannot be waived by appearance, nor be cured by amendment.   In the absence of a writ of error, the cases of City of Wilmington v. Ricaud, 90 Fed. 212, 32 C. C. A. 578, and Alaska United Gold Min. Co. v. Keating, 116 Fed. 561, 53 C. C. A. 655, and the provisions of section 1005, Rev. St. [U. S. Comp. St. 1901, p. 714], which are cited as authority for amendment, are inapplicable. ·

The appeal must be dismissed, and it is so ordered.