THOMSON v. TRAVELERS' INS. CO.

(Circuit Court of Appeals, Ninth Circuit. May 11, 1908.)

No. 1,465.

COURTS—UNITED STATES CIRCUIT COURT OF APPEALS—MODE OF REVIEW—DECREE IN EQUITY.

A suit in a Circuit Court of the United States by an employé who has recovered a judgment for personal injury against his employer, to enforce payment of such judgment by an insurance company which issued a policy to the employer insuring it against liability on account of such injuries, the insolvency of the judgment defendant being alleged, is in equity, and the decree therein cannot be reviewed by the Circuit Court of Appeals on a writ of error.

In Error to the Circuit Court of the United States for the Western District of Washington.

Action to recover from the defendant, the Travelers' Insurance Company, the sum of $5,000 on a policy of insurance issued to the Issaquah Shingle Company of Issaquah, county of King, state of Washington.

The contract of insurance provides indemnity for the shingle company against loss by reason of liability imposed by law for bodily injuries suffered by an employé while the policy is in force. The plaintiff was in the employ of the shingle company, and in the course of such employment was injured. The policy was in force at the time of the injury. Plaintiff, by his guardian ad litem, brought suit against the shingle company for damages and recovered a judgment for $5,500 and costs. The shingle company had in the meantime become insolvent and was adjudged a bankrupt. The present action is brought against the insurance company to recover the sum of $5,000 upon the judgment, and is based upon the liability for indemnity provided in the contract of insurance. In the court below a demurrer to the complaint was

sustained, and the complaint ordered dismissed. From this order and decree the case is brought here for review upon writ of error.

Walter S. Fulton, for plaintiff in error.

Kerr & McCord, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The policy of insurance involved in this case provided that no action would lie against the insurance company to recover for any loss under the policy, unless it should be brought by the assured itself for loss actually sustained and paid in money by it in satisfaction of a judgment, after trial on the issue. The complaint alleges that after the commencement of plaintiff's original action against the shingle company, and during the pendency of the action, the shingle company became insolvent and was adjudged a bankrupt; that, notwithstanding that fact, the insurance company thereafter continued to defend said action and to direct and control the proceedings therein. The shingle company, by reason of its insolvency and bankruptcy, is unable to satisfy the judgment, and the insurance company refuses to pay the judgment. The purpose of the complaint is to secure a decree adjudging the insurance company liable for the payment of $5,000 on account of plaintiff's judgment and ordering and directing said insurance company to pay said sum on account of said judgment for the benefit of plaintiff, and requiring the defendant shingle company, upon the payment of said sum, to give an acquittance and discharge to said insurance company of all liability. The character of this action in a federal court is a suit in equity to secure an equitable remedy, but the decree of the Circuit Court is brought here for review upon a writ of error. A decree in equity cannot be reviewed by a writ of error. The San Pedro, 2 Wheat. 132, 140, 4 L. Ed. 202; McCollum v. Eager, 2 How. 61, 11 L. Ed. 179; Ballance v. Forsyth, 21 How. 389, 16 L. Ed. 143.

In Walker v. Dreville, 12 Wall. 440, 442, 20 L. Ed. 429, the Supreme Court of the United States said:

"We have so often decided that, notwithstanding the peculiarities of the Civil Code of Louisiana, the distinction between law and equity must be preserved in the federal courts, and that equity causes from that circuit must come here by appeal and common-law cases by writ of error, that we cannot now depart from that rule without overruling numerous decisions and a well-settled course of practice."

Act March 3, 1891, c. 517, § 2, 26 Stat. 826 (U. S. Comp. St. 1901, p. 547), establishing Circuit Courts of Appeals, and providing that such courts shall exercise appellate jurisdiction to review by appeal or writ of error certain final decrees and judgments of the District and Circuit Courts, preserves the same distinction in the appellate jurisdiction of such courts. Stevens v. Clark, 62 Fed. 322, 323, 10 C. C. A. 379; Highland Boy Gold Min. Co v. Strickley, 116 Fed. 852, 54 C. C. A. 186.

The writ of error is dismissed.