### SMITH v. CURRIE et al.

(Circuit Court of Appeals, Fourth Circuit. February 24, 1916.)

No. 1412.

APPEAL AND ERROR ☞4—CIRCUIT COURT OF APPEALS—REVIEW OF DECISIONS OF STATE COURTS—FORM OF PROCEEDING.

In an action at law, known as claim and delivery, under the Code of North Carolina (Revisal 1905, §§ 790-802), judgment having gone against defendant, the Circuit Court of Appeals is without jurisdiction of an appeal, notwithstanding Rev. St. § 914 (Comp. St. 1913, § 1537), declaring that the pleadings and proceedings, other than in equity and admiralty cases, shall conform to the state practice, of an appeal by defendant, though bond was given and citation issued to plaintiff, for, the action being one at law, the judgment can be reviewed in the federal courts only on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8-21; Dec. Dig. ☞4.]

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Newbern; Henry G. Connor, Judge.

Action by Benjamin C. Currie and others against Grover D. Smith. From a judgment for plaintiffs, defendant appeals. Appeal dismissed.

Larry I. Moore, of Newbern, N. C. (Moore & Dunn, of Newbern, N. C., on the brief), for appellant.

A. D. Ward, of Newbern, N. C. (T. D. Warren, of Newbern, N. C., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and BOYD, District Judge.

PER CURIAM. In this case the court is constrained of its own motion to raise the question of jurisdiction. The suit is brought to recover possession, alleged to be wrongfully withheld by the defendant below, of certain specified articles of personal property. It is plainly an action at law, known as "claim and delivery" under the Code of North Carolina. Revisal 1905, §§ 790–802. It was tried to a jury and judgment entered on a verdict for the plaintiff. The defendant thereupon prayed an appeal to the Circuit Court of Appeals, which was granted by the trial judge. A bond was given and citation issued to the plaintiffs; but there was no petition for a writ of error, and no writ of error has been filed or allowed. Such a case can be brought up for review only by writ of error, and a mere appeal is insufficient to give the appellate court jurisdiction. In every aspect the case is practically identical with Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379, decided by the Circuit Court of Appeals of the Seventh Circuit in March, 1894, and repeatedly followed. The opinion in that case contains a full and clear exposition of the law, and its complete application to the case at bar will appear from the following quotations:

"The action was one at law, to recover damages upon a contract for the delivery of ice. The case was tried before a jury in January, 1893, and a verdict rendered for the plaintiff on January 13, 1893, for $4,397.97. On February 20, 1893, a motion for a new trial was overruled, and judgment entered for the plaintiff upon the verdict. On April 19th an appeal was prayed for and allowed. The case was argued upon the merits on October 5, 1893, without any objection being raised as to the jurisdiction of this court to hear the case. It was afterwards discovered by the court that no writ of error had ever been prayed for or issued, and, the attention of counsel being called to the fact, argument was had and briefs were filed on the question whether or not this court could take jurisdiction of the case by consent, without a writ of error ever having been issued. If it could, then the objection on this ground must be considered as waived by the parties having argued and submitted the case upon the merits without objection.

"We are of opinion that this court has not obtained jurisdiction of the case, and that the appeal must be dismissed. The appropriate and only mode of bringing cases of law for review before this court is a writ of error. An appeal is applicable only in chancery cases. This distinction is obvious, and has been steadily observed and maintained by the United States Supreme Court for a century. Equity cases must be brought up by appeal, which brings up the entire record upon the facts as well as the law. Cases at law can only be brought up by writ of error, which simply brings up the record for the correction of errors of law; that is to say, a writ of error carries up nothing but questions of law, and these questions are to be determined according to the facts found in the record. * . * *

"The Supreme Court has uniformly held that it can obtain appellate jurisdiction in a case at law only by the issuing by the proper authority of a

writ of error, and by filing the same in the court which rendered the judgment. Brooks v. Norris, 11 How. 204 [13 L. Ed. 665]. Consent will not give jurisdiction; and if, at any time, the record does not show the necessary facts to give the court jurisdiction, the court will dismiss the case. The jurisdiction of all the United States Courts is special. The Supreme Court and the Circuit Court of Appeals possess no appellate power in any case unless conferred upon them by act of Congress; nor can such jurisdiction, when conferred, be exercised in any other form, or by any other mode of proceeding, than that which the law prescribes. Barry v. Mercein, 5 How. 103 [12 L. Ed. 70]; U. S. v. Curry, 6 How. 106 [12 L. Ed. 363]. * * *

"Some stress was laid in the argument of this question upon the waiver of the writ of error by the appellee, by arguing and submitting the case upon the merits, without objection or making a motion to dismiss; and, if consent of parties, without the formality of a writ, could give jurisdiction, after the time had expired for issuing the writ, there can be no doubt that the submitting of the case on the merits would be a waiver. The law gives six months after the entry of the judgment in which to issue the writ of error or take an appeal. This provision as to time is absolute. The right is strictly statutory. The time for suing out the writ or praying an appeal cannot be enlarged by stipulation of the parties, nor by the order of the court. * * *

"The true line of distinction running through the cases is between facts which are jurisdictional and those which are not. The issuance of the writ and filing it with the court below within the time prescribed by law are jurisdictional, and cannot be waived. They are the only means known to the law for bringing up for review cases at law; but any mere irregularity in setting up the record may be waived."

The same ruling was made in the Sixth Circuit Court of Appeals in February, 1895; Judge Taft writing the opinion:

"In this case the record shows that the defendants below prayed an appeal, and that the same was allowed by the court, and that a citation issued to the plaintiffs below to appear at a session of this court, pursuant to such appeal, and to show cause, if any there be, why the decree rendered, in the said appeal mentioned, should not be corrected. It is true that the supersedeas bond which was given recites that the defendants below have presented a writ of error to the United States Circuit Court of Appeals for the Sixth Circuit to reverse the judgment rendered in the suit, and the condition of the bond is that the defendants shall prosecute their said writ of error to effect, and answer all damages and costs; but the wording of the bond cannot supply the absence of a writ of error, which, under the law, issues out of this court either by the clerk of this court or by the clerk of the Circuit Court. All the proceedings taken were expressly for an appeal, and give this court no jurisdiction to consider the cause, for the reasons above stated." Muhlenberg County v. Dyer et al., 65 Fed. 634, 13 C. C. A. 64.

Other decisions of like import are Old Nick Williams Company v. United States, 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318; Mackinaw City v. United States, 120 Fed. 252, 56 C. C. A. 88; Roberts v. Great Northern Ry. Co., 138 Fed. 711, 71 C. C. A. 127; United States ex rel. Schauffler v. Fidelity & Deposit Co., 147 Fed. 228, 77 C. C. A. 370; Kerr v. United States, 159 Fed. 428, 86 C. C. A. 408; United States v. Northwestern Development Co., 203 Fed. 960, 122 C. C. A. 262.

As to the effect of the Conformity Act (Rev. St. § 914 [Comp. St. 1913, § 1537]) in states where writs of error have been abolished by statute, and actions at law as well as suits in equity are brought up for review by appeal, the Circuit Court of Appeals of the Eighth Circuit has held:

"The acts of Congress give to defeated litigants in the national courts the right to a review of final judgments at law against them by writs of error, and a right to a review of final decrees in equity by appeal. These acts grant the power and fix the jurisdiction of the federal appellate courts. They are not matters of form or practice, but matters of power and jurisdiction. They are not affected by the act of conformity, * * * nor by the legislation or practice of the states." Hooven v. John Featherstone's Sons, 111 Fed. 81, 49 C. C. A. 229.

The appeal must be dismissed for want of jurisdiction. Dismissed.